438 So.2d 1301 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Manuel G. FONTENOT, Defendant-Appellant.
No. CR83-335.
Court of Appeal of Louisiana, Third Circuit.
October 12, 1983.
Lester A. Robertson, Lake Charles, for defendant-appellant.
Leonard K. Knapp, Jr., Dist. Atty., Robert R. Bryant, Jr., Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before STOKER, LABORDE and KNOLL, JJ.
*1302 KNOLL, Judge.
The defendant, Manuel Fontenot, was convicted by a six member jury of simple robbery, a violation of LSA-R.S. 14:65, and sentenced to a term of six years with the Louisiana Department of Corrections. Defendant has appealed the sentence as being excessive and not in accordance with LSA-C.Cr.P. Art. 894.1.

FACTS
On October 7, 1982, at 7:00 P.M., the defendant robbed Patricia LeDoux of $16 while she was working as a cashier in a small boxlike structure at the Calcasieu Exxon Service Station in Lake Charles. Ms. Ledoux was working alone when the defendant approached the cashier's window with one hand in a paper bag telling her it was a robbery and demanding that she give him all the money or he would shoot her. Ms. LeDoux told him the service station did not have any money, and even showed the defendant the empty cash register drawer. The defendant then ordered her to give him what she had in her wallet or he would shoot her. Ms. LeDoux obtained $16 from her purse and surrendered the money to the defendant. The defendant took the money and fled.
During the robbery, Ms. LeDoux observed the defendant's features. She immediately reported the robbery to the police, who promptly responded to her call. Shortly after, the police returned to the station with the defendant wherein Ms. LeDoux positively identified the defendant as the one who robbed her.

ASSIGNMENTS OF ERROR
The defendant contends that the trial judge failed to comply with the sentencing guidelines in LSA-C.Cr.P. Art. 894.1 and that the sentence is excessive.
At sentencing, the trial court recited all of section A of LSA-C.Cr.P. Art. 894.1. The trial judge commented that he had studied the defendant's presentence report and the guidelines, and, that in view of the seriousness of the offense and the possibility of harm to the cashier, he felt incarceration was necessary. The trial judge did not give an articulated factual basis for his sentencing choice which is the goal of Article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). However, a failure to comply with Article 894.1 does not automatically render a sentence invalid. State v. Wimberly, 414 So.2d 666 (La.1982).
The sentencing judge presided over the defendant's trial and was familiar with the defendant's criminal conduct in the perpetration of this offense. The presentence investigation shows that the defendant had an active misdemeanor record with 7 convictions. The record reflects the sentencing judge was aware of these convictions. We find the record fully supports the sentence imposed. Where the record clearly shows an adequate factual basis for the sentence imposed, a remand to require the trial court to restate for the record matters which are already apparent from the record is unnecessary. State v. Day, 391 So.2d 1147 (La.1980); State v. Lanclos, supra; State v. Johnson, 411 So.2d 439 (La. 1982).
We conclude that the sentence imposed was supported by the record and was neither arbitrary nor excessive. These assignments of error are without merit.

DECREE
The conviction and sentence of the defendant are affirmed.
AFFIRMED.