471 So.2d 286 (1985)
STATE of Louisiana
v.
Leonard MONTEGUT.
No. KA-1687.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1985.
*288 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., for the State of La.
Patricia E. Black, Arthur L. Harris, Sr., New Orleans, for defendant-appellant.
Before CIACCIO and BYRNES, JJ., and PRESTON H. HUFFT, J. Pro Tempore.
BYRNES, Judge.
Leonard Montegut, defendant-appellant, was charged by indictment with possession of heroin with intent to distribute in violation of R.S. 40:966. He filed motions to disclose the informant, suppress a confession, and supress evidence, all of which were denied. Montegut was subsequently found guilty as charged and sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. His Motion for a New Trial was denied. This appeal followed.

FACTS
In November, 1982, The New Orleans Police Department received a tip from a reliable confidential informant that appellant, Leonard Montegut, was trafficking narcotics from his home at 2808 Dumaine Street. The Police began surveillance of this address on November 24, 1982, and observed the following series of events:
1). A black female exited appellant's apartment and drove a red Oldsmobile Cutlass, registered to appellant, to the intersection of Republic and Law Streets;
2). At the intersection the woman parked and was met by a white female, later identified as Sharon Freeman, driving a tan Volkswagon;
3). Ms. Freeman walked to the Cutlass, remained momentarily, returned to her car, and drove away;
4). One of the officers followed the Volkswagon to 1742 Frenchman Street while the other officer followed the Cutlass back to appellant's address.
At this time the surveillance ended.
On December 2, 1982, the officers received more information concerning appellant's narcotics transactions. At this point they initiated surveillance at both the Dumaine and Frenchman Street addresses. On this date the officers observed the following:
1). The officer at Dumaine Street observed Ms. Freeman drive past appellant's residence twice (the Cutlass was not there at the time);
2). Later that day appellant returned home in his Cutlass and made several short trips out;
3). On one occasion when appellant left his residence he got in the Cutlass and drove towards the downtown area;
4). At the same time the officer at Frenchman Street observed Ms. Freeman drive her Volkswagon towards the intersection of Claiborne and Ursuline Streets;
5). Finally, at approximately 8:00 p.m. appellant and Ms. Freeman met under the Claiborne overpass.
At this point the officers left their vehicles and observed appellant holding a small package wrapped in yellow tissue paper. When the officers announced themselves, appellant threw the tissue on the ground and began running towards his car. He was apprehended after a struggle. The tissue paper was recovered and found to contain nine bags of heroin. The officers advised appellant of his Miranda rights and placed him under arrest. Immediately thereafter, appellant told one of the arresting officers that he only deals heroin to adults and not children.

ASSIGNMENTS OF ERROR
Appellant originally specified ten assignments of error. However, he has only argued five in brief to this Court. Accordingly, the remaining assignments are deemed abandoned. State v. Joseph, 425 So.2d 1261 (La.1983).
*289 By the briefed assignments appellant contends that the trial court erred:
1). In denying his motion to suppress evidence seized pursuant to a search warrant;
2). In denying his motion to suppress the confession;
3). In denying his motion to disclose the confidential informant;
4). In qualifying Officer Robert McNeil as an expert in the use, effect, appearance, and method of distribution of heroin; and
5). By accepting a verdict which was contrary to the evidence.

MOTION TO SUPPRESS EVIDENCE
Subsequent to appellant's arrest, the investigating officers obtained a search warrant for his residence at 2808 Dumaine Street. Appellant contends that any evidence seized pursuant to that warrant should have been suppressed at trial. He argues that the search warrant was invalid because the police failed to establish probable cause for the warrant to issue.
The record shows that the state offered three exhibits some of which represent items seized from appellant at the time of arrest. The trial court admitted into evidence the nine packets of heroin seized at the scene of the arrest; $158.00 taken from appellant, also at the scene; which items were the product of a lawful search incident to arrest; and the crime lab report analyzing the nine packets which determined that the contents were heroin. There is no indication that any of the items seized pursuant to the search warrant were ever offered or admitted into evidence. Thus, the validity of the warrant is not an issue, and this assignment is without merit.

MOTION TO SUPPRESS CONFESSION
By this assignment, appellant contends that the trial court erred in denying his Motion to Suppress his Confession. He argues that because he was physically harassed before making the statement, it was not voluntary. He also argues that the state failed to show that he was properly advised of his Miranda rights.
To be free and voluntary, a confession must be given without "... the influence of fear, duress, intimidation, menaces, threats, inducements or promises." LSA-R.S. 15:451; State v. Taylor, 422 So.2d 109 at 116 (La.1982).
In the present case, appellant contends that he was beaten prior to making the statement that he only sold heroin to adults, not children. The record shows that after the arresting officers revealed their identity, appellant threw down a wad of yellow tissue paper and ran towards his car. When he reached his auto he removed a kitchen knife from it. One of the officers knocked the knife from appellant's hand and a struggle ensued. Appellant was finally subdued, advised of his rights, and arrested. Subsequently the following exchange took place between appellant and one of the arresting officers:
Appellant: Hey sister, why you want to let these people mess over your brother like this?
Officer: None of my brothers deal heroin.
Appellant: All I do is deal heroin to adults. At least I don't deal PCP or sets to kids. (See Tr. pg. 100)
All of the officers present at the scene testified that appellant was not beaten into confessing.
It is well settled that reasonable force may be used to effect a lawful arrest particularly where it is necessary to overcome the resistance of the suspect. C.Cr.P. Art. 220; See also Norrell v. City of Monroe, 375 So.2d 159 (La.App.2d Cir. 1979). The above facts clearly show that the force used by the arresting officers was reasonable and necessary to subdue an armed suspect. There is no evidence indicating that excessive force was used except for the testimony of Sharon Lackman a/k/a Sharon Freeman who stated that the officers beat appellant at the time of arrest. Finally, there appears to be no connection between the force used to subdue the defendant and his confession.
*290 The trial court's determination that the state's witnesses were more credible will not be disturbed absent a showing that it is not supported by the evidence. State v. Haynie, 395 So.2d 669 (La.1981). Having reviewed the record herein, we find that the evidence adequately supports a finding that the statement was made freely and voluntarily.
Similarly, all of the arresting officers testified that appellant was informed of his Miranda rights. This testimony is uncontradicted, except for appellant's statement that the rights were not read to him but were quoted by the officers from memory. He does not deny that he was advised of his Miranda rights. Accordingly, the trial court was correct in finding that appellant was adequately informed of his rights prior to making the statement in question and in denying appellant's motion to Suppress the Confession.

MOTION TO DISCLOSE THE INFORMANT
By his third assignment, appellant contends that the trial court erred in denying his motion to disclose the confidential informant.
In State v. Oliver, 430 So.2d 650 (La. 1983) the Court stated:
The informer privilege is the privilege of withholding the identity of an informant who supplies information to law enforcement officials concerning crime. 430 So.2d at 652.
See also: Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). It is well settled that a confidential informant's identity should be revealed only when the defendant shows that exceptional circumstances exist which would help establish his innocence. State v. Oliver, supra; State v. Babbitt, 363 So.2d 690 (La. 1978). The determination of whether the defendant has met his burden in this regard is within the trial court's discretion. State v. Oliver, supra.
The general test for determining if exceptional circumstances exist is to balance the public interest in protecting such sources of information against the defendant's right to prepare his defense. Roviaro v. U.S., supra. It has been held that where the informant actually participates in the crime his identity should be disclosed. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971); cert. den. 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972).
In the case at bar, appellant contends that the informant set up and participated in the crime to help the police. This allegation is wholly unsupported by the evidence. Appellant offers no other "exceptional circumstances" to show why the informer's identity should be revealed. Accordingly, we find that the trial court was correct in denying appellant's motion.

THE EXPERT WITNESS
By this assignment appellant contends that the trial court erred in qualifying Officer Robert McNeil as an expert witness in the use, effect, appearance, and method of distribution of heroin. He argues that Officer McNeil did not possess the special training or knowledge required to be qualified as an expert. We disagree.
LSA-R.S. 15:466 states:
The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witnesses can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court.
The competence of an expert is a matter with which the trial judge is vested with broad discretion and the ruling of the trial court qualifying a witness as an expert may not be disturbed absent manifest error. State v. Michel, 422 So.2d 1115 (La. 1982). Generally, if the witness testifies regarding matters about which he has knowledge gained through special training or experience he may be qualified as an expert. State v. Montana, 421 So.2d 895 (La.1982).
*291 In the present case, the record reveals the following facts regarding Officer McNeil's knowledge of heroin:
1). He was in the narcotics division of the New Orleans Police Department for ten years and attended several seminars, at least one of which concerned heroin;
2). He has lectured on the subject of Narcotics abuse from his experience as an undercover investigator;
3). He has been in repeated contact with drug addicts and has purchased, packaged, and seen narcotics used during investigations;
4). Finally, he testified that he had been qualified as an expert on several prior occasions.
Officer McNeil testified as to the use, effect, appearance, and distribution of heroin. The above facts clearly support the finding that these topics are within his knowledge and experience. Therefore, the trial judge did not abuse his discretion in qualifying Officer McNeil as an expert witness.

SUFFICIENCY OF THE EVIDENCE
By his fifth assignment, appellant contends that the court erred in accepting a verdict that was contrary to the evidence. He argues that the State failed to prove beyond a reasonable doubt that the substance seized at the scene of the arrest was heroin.
The elements of possession of heroin with the intent to distribute are found in 40:966(A)(1). To support a conviction the state must prove beyond a reasonable doubt that the defendant knowingly or intentionally:
Produced, manufactured, distributed or dispensed or possessed with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule I; R.S. 40:966(A)(1).
Intent to commit a particular crime may be inferred from the facts presented. LSA R.S. 15:445 states in pertinent part:
Though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction.
See: State v. Duncan, 420 So.2d 1105 (La. 1982).
In the case at bar, the arresting officers testified that they saw appellant, carrying the yellow tissue paper. They testified further that they saw him throw it to the ground when they announced their identity. The substance contained in the tissue tested positive for heroin. Finally, the jury had appellant's own words regarding his business dealings involving heroin. The jury could have inferred from these facts that appellant knowingly possessed the heroin.
The specific intent to distribute may be inferred from the amount of the controlled substance found in the defendant's possession. State v. Duncan, supra. Evidence tending to show that the defendant had in his possession an amount greater than one generally has for personal consumption will support a finding of intent to distribute the controlled substance. State v. Trahan, 425 So.2d 1222 (La.1983).
In this case Officer McNeil testified regarding the general usage of heroin by addicts:
That amount it would vary from addict to addict. Anywhere from two bags of heroin to maybe as much as ten. It's unusual that they would shoot, let's say if an addict is shooting ten units of heroin a day, it's very unusual that he will go out in the morning or afternoon, or whenever, and purchase ten bags. If he should shoot as much as that, he would normally throughout the course of the day, steal or rob, whatever is necessary for him to purchase in quantity of one, two, maybe three bags at a time. (Tr. at 83.)
Nine bags of heroin were found at the scene when appellant was arrested. Officer McNeil stated that it would be unusual to find an addict with ten bags in his possession at any one time. In addition the jury had appellant's statement confessing to his heroin dealing in general. Given *292 these facts we cannot say that the jury's finding of intent to distribute is unsupported by the evidence.
Finally, regarding the identity of the substance as heroin, appellant relies on the testimony of his expert who stated that he could not conclusively determine the nature of the substance. The jury also heard testimony by the state's expert that he performed a battery of six tests on the substance, the results of which showed that the powder in question tested positive for heroin. Apparently the jury found the state's witness to be more convincing than the defense's. This finding is adequately supported by the evidence and thus may not be disturbed on appeal. State v. Montana, supra.
Given these facts we find that viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the appellant guilty beyond a reasonable doubt of possession of heroin with intent to distribute. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
Accordingly, appellant's conviction and sentence are affirmed.
AFFIRMED.