530 So.2d 615 (1988)
STATE of Louisiana
v.
Moses EVERETT.
No. CR87-1396.
Court of Appeal of Louisiana, Third Circuit.
July 21, 1988.
*618 George Higgins, Higgins & Starling, Pineville, for defendant-appellant.
Charles W. Wagner, Dist. Atty., Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
DOMENGEAUX, Judge.
Appellant, Moses Everett, was charged by a bill of information with attempted second degree murder, a violation of La.R. S. 14:30.1 and La.R.S. 14:27. After a trial on the merits, appellant was found guilty by a twelve person jury of the lesser included offense of aggravated battery, a violation of La.R.S. 14:34. On October 19, 1987, appellant was sentenced to six years at hard labor. Everett's sentence was to run concurrently with any other sentence he might be serving.
Appellant now seeks review of his conviction and sentence. He has assigned nine errors.

FACTS
On January 19, 1985, George "Peanut" Crawford was arrested in Rapides Parish *619 for possession of a controlled dangerous substance with intent to distribute. Crawford engaged the services of a bail bondsman and was released on a $10,000.00 bond. When Crawford failed to appear for a scheduled hearing, a warrant for his arrest was issued and the State instituted bond forfeiture proceedings against the bonding company. Unable to locate Crawford, the bonding company engaged the services of the appellant, Everett, a "bounty hunter" to locate, arrest and turn Crawford over to the authorities.
On December 29, 1985, appellant located Crawford near his residence in the Karst Park area of Alexandria, Louisiana. Crawford was walking his infant daughter and had stopped at a local playground to watch neighbors who were playing basketball. Everett walked across the basketball court towards Crawford, produced a gun and asked Crawford if he was "ready". Everett then cuffed Crawford's hands in front of his body and walked Crawford to an automobile about four blocks away. Friends and neighbors of Crawford's apparently followed the two until Crawford was placed into the passenger side of the automobile.
Although the defense does not dispute that Crawford was shot a short time later, there is conflicting evidence as to the circumstances leading to the shooting. In a statement given to the investigating officers shortly after the incident, appellant contended that Crawford jumped from the car and began fleeing. According to appellant, he fired one warning shot and heard Crawford scream. Crawford continued running and appellant stated that he fired two additional shots.
Crawford testified about a somewhat different chain of events. Crawford claims the appellant began driving the vehicle, but after traveling for approximately one or two blocks, Everett ordered him to place his arms out of the window which was rolled down. Crawford stated that appellant then reached across the seat, opened the door and pushed him from the moving vehicle. Crawford stated that as he was getting to his feet he was shot in the back of the right leg. He testified that he fell into the ditch, stood up and was shot again, once in the back of his left leg and once in his shoulder.
Crawford denied trying to escape. Crawford maintains that he was shot from a distance of about ten yards. Appellant testified that Crawford was 200 to 500 meters away when he shot him.

ASSIGNMENT OF ERROR NO. 7[1]
By this assignment of error, appellant asserts that the introduction of certain evidence was "patently defective". In particular, appellant argues that a statement he gave the police was introduced without proper foundation, that the Trial Judge allowed the prosecutor to ask numerous leading questions and that a pair of handcuffs, which were inflammatory, were also introduced without proper foundation.
At trial, the defendant's attorney did not voice any objections to the introduction of the contested evidence. A contemporaneous objection is required to preserve an error for appellate review. La.Code Crim.Proc. art. 841; State v. Kahey, 436 So.2d 475 (La.1983). Although the defendant did not object at the time of the introduction, we have reviewed the alleged errors, but find no merit in the defendant's arguments.

INCULPATORY STATEMENT
When the prosecution seeks to introduce an inculpatory statement into evidence, it has the burden of proving that the statement was made freely and voluntarily. La.R.S. 15:451; State v. Jackson, 414 So.2d 310 (La.1982). A Trial Judge's determination that an inculpatory statement is free and voluntary is entitled to great weight and should not be disturbed unless it is clearly not supported by the evidence. State v. Benoit, 440 So.2d 129 (La.1983).
*620 Prior to the introduction of appellant's statement, the police officer who took the statement testified that he informed appellant of his rights and of the fact that by making a statement he was waiving those rights. The officer stated that no coercion was used and that appellant indicated that he understood his rights. Appellant also signed a waiver of rights form indicating that he understood and intended to waive his rights.
The evidence brought forth supports the Trial Court's determination that appellant made a free and voluntary waiver of his rights prior to making the statement that was subsequently introduced into evidence. This aspect of assignment of error number seven lacks merit.

LEADING QUESTIONS
A leading question is one which suggests to the witness the answer he is to deliver and is ordinarily prohibited when posed to one's own witness. La.R.S. 15:277; State v. Prestridge, 399 So.2d 564 (La.1981). The purpose of this rule is to guard against the possibility that a witness will acquiesce to a false suggestion. Where counsel is allowed to mold testimony by using leading questions, a verdict should be overturned, but only when there is clear abuse calculated to prejudice the rights of the accused. State v. Quincy, 363 So.2d 647 (La.1978).
Appellant does not particularize the questions which are offensive. The record does reveal some questions which are arguably leading, however, these questions were introductory questions which merely placed police officers at the scene of the shooting. There was no showing that any witness acquiesced to false suggestions, nor was there any clear abuse by the prosecutor calculated to prejudice the appellant. The leading questions involved collateral and preliminary matters and do not mandate reversal. This aspect of assignment of error number seven lacks merit.

INTRODUCTION OF HANDCUFFS
In State v. Gordy, 380 So.2d 1347 (La.1980), the Louisiana Supreme Court addressed the issue of the introduction of demonstrative evidence. The Court in Gordy held:
To admit demonstrative evidence at trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered in evidence. For the admission of demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is relevant to the case. Lack of positive identification goes to the weight of the evidence rather than to its admissibility. Ultimately, connexity is a factual matter for determination by the trier of fact. Id. at 1352, quoting, State v. Paster, 373 So.2d 170 (La. 1979).
A police officer, the first witness called by the State, testified that he removed a pair of handcuffs from the victim and then transferred them to a "uniformed deputy". The detective investigating the incident testified that a deputy placed the handcuffs in his possession and that the handcuffs remained in his sole possession until trial. This testimony sufficiently established the chain of custody of the handcuffs from the time they were seized until their admission into evidence. Relevancy of these handcuffs is without question. Therefore, there was no error in the admission of the handcuffs into evidence. This aspect of assignment of error number seven lacks merit.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error, appellant contends that the Trial Judge erred in failing to provide full and complete instructions to the jury regarding the authority, power and legitimacy of bounty hunters. Appellant argues that the jury charged in the present case did not accurately depict the scope of appellant's authority in arresting the victim.
*621 The Trial Judge instructed the jury as follows:
In cases of surety or bail bondsmen looking for someone. I'll repeat that Article 340 of the Louisiana Code of Criminal Procedure provides: `That for the purposes of surrendering the defendant, the surety may arrest him.' Under the Louisiana law the surety does have the authority to apprehend and bring in someone who is wanted, uh, for his presence in court or who ... who is in violation of some bail or bond contract.
The jury was also instructed on the law of self-defense and reasonable force.
Appellant again acknowledges that his defense counsel did not object at trial to the propriety of the jury instructions. Absent an objection with articulated reasons, such an error is not generally reviewable on appeal. State v. Progue, 350 So.2d 1181 (La.1977). However, where the record "bears full and sufficient proof" of the alleged error, the reviewing court, in the interest of judicial economy, may consider the claim. State v. Williamson, 389 So.2d 1328 (La.1980).
A trial judge is obligated to charge the jury as to the law applicable to the case. When properly requested, the judge must charge the jury as to any theory or defense which the jurors might reasonably infer from the evidence. La.Code Crim. Proc. art. 802; State v. Johnson, 438 So.2d 1091 (La.1983); State v. Marse, 365 So.2d 1319 (La.1978). Furthermore, special charges shall be given by the trial judge if they do not require qualification, limitation or explanation and if they are wholly pertinent and correct. La.Code Crim.Proc. art. 807; Johnson, supra; State v. Mead, 377 So.2d 79 (La.1979).
Appellant's defense at trial consisted of the assertion that the shooting occurred during a lawful arrest and that it was justified by the need to prevent the escape of a fugitive. The Judge's instruction clearly informed the jurors of the legality of appellant's action in arresting the victim without police intervention.
Appellant now relies on several cases which acknowledge the authority of bail bondsmen to effectuate warrantless arrests and to transport fugitives across state lines. See, Taylor v. Tainter, 83 U.S. (16 Wall) 366, 21 L.Ed. 287 (1872); Carlson v. Landon, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. 547 (1952); Fitzpatrick v. Williams, 46 F.2d 40 (5th Cir.1931); People v. Rosales, 68 Cal.2d 299, 66 Cal.Rptr. 1, 437 P.2d 489 (1968). Appellant asserts that the Trial Court should have used these cases to instruct the jury that a "bounty hunter" has authority "more expansive that even that of a police officer" and similar "to that of a prison guard".
The pertinent issue in the present case was not whether appellant had authority to arrest, but whether appellant used reasonable force or acted in self-defense in shooting Crawford. The special charge suggested by the appellant would require explanation and qualification. There was, therefore, no error in failing to instruct the jury along the lines suggested by the appellant. This assignment of error lacks merit.

ASSIGNMENTS OF ERROR NOS. 8 AND 9
Appellant contends that the State exceeded the permissible scope of closing argument, thereby, mandating reversal of his conviction. In particular, appellant asserts that the State's closing argument contained an appeal to prejudice, invoked the personal opinion of the prosecutor and made reference to appellant's failure to testify.
Once again appellant seeks to raise issues on appeal which were not the subject of objection during trial. The failure to make a contemporaneous objection or to move for a mistrial at the time an alleged prejudicial statement is made prevents appellant from asserting the error once a verdict is reached. La.Code Crim.Proc. art. 841; Kahey, supra; State v. Wormser, 467 So.2d 58 (La.App. 4th Cir.1985); writ denied, 474 So.2d 946 (La.1985). We shall, however, address these allegations.
The comments which appellant alleges were expressions of personal opinion *622 were, in fact, only references to appellant's intent to kill and were drawn from the evidence adduced at trial. These inferences were not implausible and were entirely within the scope of closing argument. State v. Bretz, 394 So.2d 245 (La.1981), cert. denied, 454 U.S. 820, 102 S.Ct. 102, 70 L.Ed.2d 91 (1981); State v. Procell, 365 So.2d 484 (La.1978), cert. denied, 441 U.S. 944, 99 S.Ct. 2164, 60 L.Ed.2d 1046 (1979); State v. Palmer, 447 So.2d 1159 (La.App. 3rd Cir.1984).
The comments suggested to be appeals to prejudice are contained in the following statement:
This man shot George Crawford in the back three times while handcuffed. Uncontradicted. I would suggest to you the only thing you have to decide is did he intend to kill him or not. That's the only thing we have left to decide. Now, the defense may stand up here and make you doubt you believe that he was actro ... acting under color of law. Because a bondsman has a right to go arrest people that skip bond. I ask you to think were would be ... where would we be if we condoned this activity under color of law? Where would it stop? Moses Everett can do it. That means the police can do it. That means if I decide that I want to stop somebody from doing something that I don't likethe next step, I can do it. Or you can do it. Or it can be done to you. We live in a civilized society of laws. That's what makes us civilized. And I would suggest to you, ladies and gentlemen, that the activity of Moses Everett on December 29, 1985, was calculated. And he attempted to kill George Crawford.
La.Crim.Proc. art. 774 restricts closing arguments to the evidence admitted at trial, conclusions that may be drawn therefrom and the law applicable to the case. It is improper for a prosecutor to turn closing argument into a general discussion on crime. State v. Williams, 447 So.2d 495 (La.App. 3rd Cir.1984), writ denied, 450 So.2d 969 (La.1984). An improper remark, however, should result in reversal only if the remark has clearly influenced the jury and contributed to the verdict. State v. Dupre, 408 So.2d 1229 (La.1982); Bretz, supra.
The contested comments merely focused attention on the use of excessive force by appellant and the absence of legal justification for his actions. The comments related to the evidence and the law, and were not intended to prejudice the defendant.
Finally, appellant emphasizes that the prosecutor used the word "uncontradicted" on numerous occasions when describing the State's case. Appellant asserts that the comments were intended to emphasize his failure to testify. A review of the record indicates that the prosecutor was commenting on evidence surrounding the shooting, the number of shots fired and the fact that appellant was handcuffed when shot.
La.Code Crim.Proc. art. 770 prohibits direct reference to a defendant's failure to testify or indirect references when the prosecutor has an intent to emphasize defendant's failure to testify. State v. Jackson, 454 So.2d 116 (La.1984); State v. Murray, 476 So.2d 1170 (La.App. 3rd Cir.1985). A statement that the state's case remains uncontroverted is not a prohibited comment unless the defendant is the only person who can dispute the state's evidence. Jackson, supra.
In the instant case, the State produced numerous witnesses who testified as to the number of times the victim had been shot and to the fact that the victim was handcuffed. There were also additional witnesses at the scene of the shooting who could have been called to testify on behalf of appellant. It was not error for the prosecutor to argue to the jury that these facts were unassailed. It is possible that the testimony involving the incident within the automobile could be disputed only by the appellant, however, viewing the closing argument in its entirety, it does not appear that any reference was intended to focus the jury's attention on appellant's failure to testify or present evidence on his behalf. Furthermore, it is unlikely that any remark *623 influenced the jury or contributed to the verdict in a way mandating reversal.
For the reasons stated, these assignments of error are without merit.

ASSIGNMENTS OF ERROR NOS. 2 AND 5
By these assignments of error appellant contends that the State failed to prove beyond a reasonable doubt each essential element of the crime of aggravated battery.[2] Appellant also asserts error in the Trial Court's denial of his motion for a new trial.
The same principles are applied in reviewing the sufficiency of the evidence as are applied in reviewing the denial of a motion for a new trial on the grounds that the verdict is contrary to the law and the evidence. State v. Chapman, 438 So.2d 1319 (La.App. 3rd Cir.1983). When reviewing the sufficiency of the evidence to support a conviction, an appellate court must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the defendant committed each essential element of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Chapman, supra.
In order to convict a defendant of aggravated battery, the State must show that the defendant intentionally used force or violence upon the victim and that the force or violence was inflicted with an instrument used in a manner likely or calculated to cause death or great bodily harm, i.e., a dangerous weapon. La.R.S. 14:2(3); State v. Brooks, 499 So.2d 741 (La.App. 3rd Cir. 1986); State v. Day, 468 So.2d 1336 (La. App. 1st Cir.1985).
The evidence at trial, when viewed in a light most favorable to the prosecution, establishes beyond a reasonable doubt that the appellant intentionally shot the victim three times with a .357 magnum. The victim testified that there was no provocation. The victim was shot while handcuffed. Appellant admitted shooting the victim and surrendered the gun to the investigating officers. The State has clearly met its burden of proof and the jury had sufficient evidence to convict appellant of aggravated battery.
Appellant argues that general criminal intent, an element of the crime, was not established under the facts of this case. La.R.S. 14:10(2). Appellant argues that because "bounty hunters" have authority to effectuate arrests, his actions were within the confines of law and were, therefore, justified. Although appellant shapes this argument as a question of sufficiency of evidence, he appears to be asserting a justification for the shooting.
An offender's criminal conduct is justified and constitutes a defense to prosecution for any crime based on that conduct when the conduct is authorized by law. La.R.S. 14:18(3). Appellant correctly emphasized that he was authorized by law to arrest the victim. The jury was informed of the validity of the arrest. However, the force used in effectuating an arrest must be reasonable, particularly where it is necessary to overcome resistance of the individual arrested. La.Code Crim.Proc. art. 220; State v. Montegut, 471 So.2d 286 (La. App. 4th Cir.1985). The evidence presented at trial was clearly sufficient for the jurors to determine that the force employed was unreasonable.
These assignments of error are without merit.

ASSIGNMENTS OF ERROR NOS. 3 AND 4
Appellant argues by these assignments of error that the Trial Judge failed to comply with La.Code Crim.Proc. art. 894.1 by not articulating reasons for the sentence and by failing to consider mitigating *624 factors. Appellant also contends that the sentence imposed by the Trial Judge is unconstitutionally excessive and results in cruel and unusual punishment in violation of La. Const. Art. I, § 20.[3]
Article 894.1 provides criteria to be considered in determining whether a sentence is excessive and mandates that the "trial court must state for the record the considerations taken into account and the factual basis therefor in imposing sentence." State v. Cox, 369 So.2d 118 (La. 1979); State v. Sepulvado, 367 So.2d 762 (La.1979). The sentencing judge need not articulate every mitigating and aggravating circumstance, however, the record should reflect that the judge considered the guidelines in particularizing the sentence. State v. Aucoin, 500 So.2d 921 (La.App. 3rd Cir.1987). Failure to adequately comply with Art. 894.1 does not, however, necessitate vacating the sentence or warrant a remand for resentencing if the record illuminates and supports the sentencing choice. State v. Cottingin, 476 So.2d 1184 (La.App. 3rd Cir.1985); State v. Fontenot, 438 So.2d 1301 (La.App. 3rd Cir.1983).
Although a sentence imposed by a trial judge may fall within the statutory limtations, it may still be unconstitutionally excessive. A sentence is deemed excessive if it: (1) makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Cann, 471 So.2d 701 (La.1985); State v. Landry, 502 So.2d 281 (La.App. 3rd Cir.1987), writ denied, 508 So.2d 63 (La.1987). Trial courts are given wide discretion in imposing sentences and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse. State v. Howard, 414 So.2d 1210 (La.1982).
In his reasons for sentence, the Trial Judge acknowledged the right of the appellant to arrest the victim. The Judge recognized the danger inherent in appellant's occupation and the services to society performed by "bounty hunters". The Trial Judge then emphasized the violent nature of the crime and emphasized that appellant exceeded his authority by shooting the victim three times with a high caliber handgun. The Judge then concluded relying upon the defendant's past criminal record that he was a poor candidate for probationary treatment.
Although the stated reasons for sentence do not specifically mention the factors found in Art. 894.1, the reasons in support of the sentence represent substantial compliance with those factors. Even if the enunciation of factors during sentencing failed to meet the guidelines of Art. 894.1, the record clearly illuminates an adequate factual basis for the sentence.
Appellant has a lengthy record of arrests and convictions arising out of the possession and discharge of firearms. Appellant shot the victim three times with a .357 mangum handgun. Most recently, appellant was convicted for a sex offense involving a minor. Both crimes are of a serious nature. The Trial Court reasonably found that such violent criminal conduct was likely to reoccur. These factors sufficiently indicate that appellant is unlikely to respond favorably to probationary treatment and has the need for correctional treatment only provided in an institutional setting.
Appellant's criminal conduct has been consistent and reoccuring. The sentence imposed is in the middle range of the sentencing possibilities and is considerably less than the statutory maximum. The six year sentence imposed in this case is consistent with the goals of the criminal justice system *625 and is likely to further appellant's reintegration into society as a law abiding citizen.
The sentence is not grossly out of proportion to the severity of the crime. The facts in the record lend support to the sentence imposed and it is not an abuse of the Trial Judge's discretion.
These assignments of error lack merit.

ASSIGNMENT OF ERROR NO. 6
By this assignment of error, appellant contends that he was denied effective assistance of counsel. Appellant specifies seven errors in his defense attorney's actions at trial which it is alleged, prejudiced appellant and undermined the reliability of the jury verdict.
A claim of ineffective assistance of counsel is properly raised in a petition for post-conviction relief. Where, however, the record contains evidence necessary to decide the issue and the alleged ineffectiveness is raised on appeal by an assignment of error, the issue should be considered. State v. Seiss, 428 So.2d 444 (La.1983); State v. Tolliver, 464 So.2d 1088 (La.App. 1st Cir.1985).
To establish the claim of ineffective assistance of counsel a defendant must demonstrate that his defense attorney failed to meet the level of competency normally demanded of attorneys in criminal cases. State v. Fickes, 497 So.2d 392 (La. App. 3rd Cir.1986); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983). The right of effective assistance of counsel does not require errorless counsel or counsel which may be judged ineffective only on hindsight. Upon reviewing a claim of ineffective assistance, a court should inquire whether counsel violated some duty to the client and if so determine whether the defendant was prejudiced by the violation. State v. Hartman, 479 So.2d 948 (La.App. 3rd Cir.1985), writ denied, 486 So.2d 748 (La.1986), cert. denied, 479 U.S. 843, 107 S.Ct. 156, 93 L.Ed.2d 96 (1986); State v. Berry, 430 So.2d 1005 (La.1983).
The merits of the claims regarding the closing argument of the prosecutor, objections to leading questions, the introduction of handcuffs, and the jury instructions have been considered above. Having previously concluded that there were no errors, a failure of defense counsel to lodge contemporaneous objections to these matters does not constitute grounds for reviewing the instant conviction for ineffective assistance of counsel. Defense counsel is not required to take actions which are unnecessary and specific prejudice must be shown in order to assert ineffective assistance for failing to take such actions.
Appellant also alleges ineffective assistance for defense counsel's failure "to cross-examine material witnesses to the crime". Appellant contends the investigating officers should have been questioned about the number of persons in the vicinity during the arrest, their criminal propensities, the history of criminal activity in the area and the distance the victim was found from the automobile. Apparently, appellant is suggesting that indepth questioning along these lines would have led the jury to conclude that the shooting was the exercise of reasonable force under the circumstances.
The record in the instant case establishes that the defense attorney did, in fact, convey this theory to the jury in his opening statement and through effective cross-examination of other witnesses. The extent of the trial counsel's cross-examination appears to meet the level of competency normally demanded of attorneys in criminal trial. It should be emphasized that appellant was tried for attempted second degree murder for shooting the victim three times with a powerful handgun. Appellant was found guilty of a lesser included offense, substantially abating potential penal liability. Defendant has not established prejudice under the facts of this case, nor has the defendant established that his trial counsel was ineffective.
This assignment of error has no merit.
*626 For the above and foregoing reasons, the conviction and sentence of Moses Everett, is affirmed.
AFFIRMED.
NOTES
[1] For purposes of clarity, the assignments of error will not be reviewed in numerical order, but, in a sequence which better facilitates discussion of the issues.
[2] Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than "second guessing" the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.), writ denied, 458 So.2d 128 (La.1984).
[3] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See, State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir. 1984), concurring opinion at 1282.