KNOLL, Judge.
Defendant, Frances J. Barlow, appeals her sentence for distribution of marijuana, a violation of LSA-R.S. 40:966A(2). The trial court accepted defendant’s guilty plea to that charge and sentenced her to three years at hard labor. Defendant appeals, contending her sentence is excessive and that the trial court failed to follow the sentencing guidelines of LSA-C.Cr.P. Art. 894.1. We vacate defendant’s sentence and remand for resentencing.
On March 5,1987, defendant sold a quarter-ounce of marijuana to an undercover policeman for $30.00.
The pre-sentence report shows that defendant is 26 years of age, married with no children, and a first time felony offender with no prior criminal record. Defendant completed the twelfth grade and has held several secretarial positions. At the time of the offense, defendant was employed as the town clerk for the town of Dry Prong. Mr. Glen Maxwell, the mayor of Dry Prong, stated in the pre-sentence report that defendant was the best town clerk he has ever had.
The sentencing guidelines of LSA-C.Cr. P. Art. 894.1 provide criteria to consider in determining whether a sentence is excessive. State v. Smith, 485 So.2d 112 (La. App. 2nd Cir.1986). While the trial court need not articulate every aggravating and mitigating circumstance delineated in LSA-C.Cr.P. Art. 894.1, the record must reflect that it adequately considered these guidelines in particularizing the sentence to the defendant. State v. Murdock, 416 So.2d 103 (La.1982).
Failure to adequately comply with LSA-C.Cr.P. Art. 894.1 does not necessitate vacating the sentence or warrant a remand for resentencing if the record illumines and supports the sentencing choice. State v. Fontenot, 438 So.2d 1301 (La.App. 3rd Cir. 1983). A sentence imposed by the trial court which falls within statutory limitations may still be unconstitutionally excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is deemed excessive if it makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than a purposeless and needless imposition of pain and suffering, or is grossly out of proportion to the severity of the crime. State v. Cann, 471 So.2d 701 (La.1985).
In the case sub judice the sentencing court failed to articulate any reasons for its sentencing choice, and its sentencing remarks in toto are as follows:
“We have completed the pre-sentence investigation in this matter, and the Defendant is here before the Court for sentencing. The sentence of this Court ... this Court, that you be committed to the custody of Louisiana Department of Corrections to serve at hard labor for a period of three (3) years, in such adult penal or correctional institution as designated by the said Department and costs.”
Despite defense counsel’s contemporaneous objection, as raised herein, the sentencing court did not elaborate on its sentencing choice. There is no mention of the aggra *529 vating facts or circumstances that would support the trial court’s sentencing choice. Likewise, there is no indication of why a lesser sentence was rejected. For these reasons, we find that the trial court failed to adequately comply with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1, and, therefore, we are unable to determine whether the sentence imposed is excessive.
For the foregoing reasons, the sentence imposed is vacated and set aside, and this matter is remanded to the trial court for compliance with LSA-C.Cr.P. Art. 894.1 and resentencing in accordance with the views expressed herein.
SENTENCE VACATED AND REMANDED FOR RESENTENCING.