DECUIR, Judge.
On September 13, 1991, a bill of information was filed charging Marlin Randolph with armed robbery in violation of La.R.S. 14:64. On October 29, 1991, the bill of information was amended to include the defendant, Paula Ecter, on the same charge. At her arraignment on November 4,1991, the defendant entered a plea of not guilty. On December 9, 1991, after preliminary motions, the defendant withdrew her previous plea of not guilty and entered a plea of guilty to armed robbery. A presen-tence investigation and report were ordered in advance of sentencing. On March 13, 1992, the defendant was sentenced to serve seven and one-half (772) years at hard labor without benefit of probation, parole or suspension of sentence. On April 4, 1992, the State filed a Motion to Reconsider Sentence which was granted and heard on April 16, 1992. At this hearing, the trial judge re-sentenced the defendant to fifteen (15) years at hard labor without benefit of probation, parole or suspension of sentence. On May 18, 1992, the defendant filed a Motion to Reconsider which was denied on June 9, 1992.
Defendant appeals the action of the trial court setting forth the following assignments of error: (1) the sentence imposed was cruel, unusual and excessive; (2) the trial judge failed to adequately articulate the reasons for imposing a sentence not within the Louisiana Sentencing Guidelines and the factual basis therefor; (3) the motion to reconsider sentence was initiated by the trial judge; and (4) there are no statutory grounds for the amendment of the original sentence.
Assignment of error number four was not briefed, therefore, this assignment of error is considered abandoned. Uniform Rules — Courts of Appeal Rule 2-12.4. The remaining assignments of error are addressed below.
FACTS:
On September 9, 1991, deputies were dispatched to the E-Z Mart on E. Houston River Road in Sulphur, Louisiana, in response to a call from the clerk of the E-Z Mart indicating he had been shot. A store customer told deputies he came into the store to ask the price of beer and noticed the victim laying face down behind the counter. The victim had been shot between the eyes. The victim told the deputies three young blacks entered the store and purchased soft drinks and a candy bar. They walked out of the store, and a few minutes later, returned to purchase condoms. The victim advised the youths they could not purchase condoms unless they were eighteen years of age. According to the victim, one of the youths began arguing with him and the next thing the victim knew was that he had been shot. The *200 victim was taken to West Cal Cam Hospital for treatment. The deputies found three white hockey masks outside the store, which were taken into evidence. They also found a Snickers candy wrapper on the east side of the store.
On September 10, 1991, the sheriffs office received a crimestopper’s call. The caller reported that Marlin Gramble Randolph was going to leave town and that Randolph’s mother knew Randolph committed the shooting. Calcasieu Parish Detectives located Randolph’s mother, Mrs. Maxine Gramble, in Mossville. Mrs. Gramble initially denied knowledge of the shooting, but later admitted her son told her that he had been involved in some trouble and that a drug addict had been shot. Randolph asked his mother if he could spend the night with an aunt in Beaumont and then asked if he could spend the night with Terrance Lastrapes in Mossville. Mrs. Gramble did not see her son again until early Sunday morning when he advised her he was in trouble. She gave the detectives a telephone number and address in Beaumont.
Further investigation led to Deputy Bill Miller, step-father of Terrance Lastrapes. Miller indicated the two boys, Lastrapes and Randolph, were probably together in Beaumont. A warrant was obtained for Marlin Randolph. The boys were located in Beaumont and returned to Lake Charles. Lastrapes told Deputy Miller the defendant was involved in the crime and had driven the car used in the shooting. He also named Derrick Ned as being one of the subjects who entered the store.
Thereafter, sheriff’s detectives located the defendant and advised her of her rights. A titan .25 caliber semi-automatic pistol was recovered from defendant’s residence. She was transported to the Detective’s Division, along with her 15 year old niece, Andrea Darby, who was also riding in the vehicle when the shooting occurred. Derrick Ned was also located and transported to the Detective’s Division. Video statements were obtained from Terrance Lastrapes and Derrick Ned in the presence of their mothers. Videotaped statements were also obtained from the defendant and Andrea Darby in the presence of her aunt. A videotaped statement was obtained from Marlin Randolph. The juvenile subjects were placed in juvenile detention. The defendant was booked in the Calcasieu Correctional Center. All were arrested for armed robbery and attempted first degree murder.
LAW
For the sake of logic, defendant’s assignments of error will be addressed in reverse order.
ASSIGNMENT OF ERROR NO. 3
By this assignment of error, defendant contends the State’s Motion to Reconsider Sentence filed by the state was improperly initiated by the trial judge. More specifically, the defendant argues that although the motion was filed by the state, for all practical purposes it was a motion of the trial court for which there is no statutory authority.
La.C.Cr.P. art. 881.1 provides:

A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may act at sentence, the state or the defendant may make or file a motion to reconsider sentence

(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based
B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence
C. The trial court may deny a motion to reconsider sentence without a contradictory hearing
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or *201 from urging any ground not raised in the motion on appeal or review.
This issue appears to be res nova. La. C.Cr.P. Art. 881.1 became effective January 31, 1992 and there is no jurisprudence addressing this issue.
In the instant case, the defendant was originally sentenced to serve seven and one-half (7½) years for conviction of armed robbery. The minor who actually did the shooting was sentenced to fifteen years. At the hearing on the state’s motion the trial judge indicated that he would entertain a motion to reconsider the sentence should the state choose to do so.
At the hearing on the defendant’s motion to reconsider, the trial judge stated that at the time of the initial sentencing, he was not aware that the person with the defendant at the time of the offense and who did the shooting was a minor. The trial judge stated:
“That that changed my whole view of the case. And I did contact Mr. Frey and told him that I- was not aware of that, and if he wanted to file a motion to reconsider, knowing that I was not aware of it, that I would reconsider.”
The trial judge further stated:
“I made no commitment in that conversation to him. And at that time I hadn’t even decided what I would do. I just — I just knew — And when I learned that, the day I learned it, I just knew that it made a difference to me. And I did make that contact. And I made no commitment as to what I would do. And it was still up to the State with that knowledge, whether the State wanted to pursue it. And the State filed a motion.”
The defendant argues that if the legislature had intended the court to be able to initiate a Motion to Reconsider Sentence on its own motion then it would have specifically stated the same in Art. 881.1. In line with this argument the defendant argues the plain language of article 881.1 which provides, “the state or the defendant may make or file a motion to reconsider sentence.”
The record reflects that the trial judge contacted the prosecutor about filing a motion to reconsider the sentence after becoming aware of additional aggravating circumstances. However, the trial judge also made it clear that no commitment was being made as to how the court would rule on such a motion. In fact, the trial judge left the decision to the State as to whether the State wanted to pursue the motion. The court notes that article 881.1 does not prohibit the trial judge from informing an officer of the court, the state in this case, that he was unaware of relevant information when he made a ruling in any type of litigation.
The defendant in argument analogizes La.C.Cr.P. Art. 882 to the instant case. Article 882 focuses significantly on the power of the appellate court on its own motion to amend an illegal sentence to the detriment of the defendant. This is a poor analogy as the language of 881.1 clearly provides for resentencing by the trial judge following a motion to reconsider by the State or defendant. For the foregoing reasons this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
The defendant contends the trial court failed to properly apply the Sentencing Guidelines and failed to provide a sufficient factual basis for the upward departure from the guidelines. Defendant’s argument is limited solely to the trial judge's upward departure on resentencing as the defendant in brief admits the trial judge properly applied all the aggravating circumstances in originally sentencing the defendant to seven and one-half years.
The sentencing guidelines set forth a method for departure from the designated sentencing range. When departing from the designated sentencing range, the court shall pronounce a sentence which is proportional to the seriousness of the offense and the offender’s criminal history, and state for the record the reasons for the departure which shall specify the mitigating or aggravating circumstances, and the factual basis therefor. La.S.G. § 209 A(4)(a) and (b).
*202 In resentencing the defendant, only one additional aggravating factor was enumerated. The defendant contends this one additional aggravating circumstance should in no way double defendant’s sentence. It was revealed that the individual who went into the convenience store was a sixteen year old minor. At the time of the original sentencing the trial judge was unaware that the individual who shot the victim during the robbery was a minor. The court stated this individual was a minor under the defendant’s influence, and the defendant was equally responsible for the crime. The trial judge indicated the reasons for his departure from the guidelines were based partly on the equal responsibility of the defendant in this case and for the injury sustained by the victim.
This court concludes that the trial judge adequately complied with the method for departure from the sentencing guidelines. Additionally, it should be noted that La. C.Cr.P. Art. 894.1 clearly provides that no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines. For the foregoing reasons, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 1
We now address defendant’s Assignment of Error No. 1. By this assignment of error, the defendant contends the sentence imposed was cruel, unusual and excessive.
In State v. Sepulvado, 367 So.2d 762 (La.1979), the Supreme Court determined that Art. 1, § 20 of the Louisiana Constitution of 1974 authorized appellate review of individual sentences for excessiveness. The court in Sepulvado, supra, found that the statutory criteria set forth in prior La. C.Cr.P. Art. 894.1 (1977) provided the appropriate criteria to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives.
The jurisprudence is clear that to constitute an excessive sentence, this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La. 1981); State v. Everett, 530 So.2d 615 (La.App. 3rd Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210, 1217 (La.1982).
The court looks to the new sentencing guidelines as an aid in determining whether a sentence is constitutionally excessive as the criteria set forth in prior La.C.Cr.P. Art. 894.1 has been replaced by language requiring consideration of the new guidelines. In order to use the sentencing guidelines as an aid, the appropriate grid cell must be determined to arrive at the designated sentencing range. It is conceded by all parties in this case that the applicable grid cell is “1G”. Thus, the original seven and one-half year sentence imposed was the maximum under the applicable sentencing range of 90 to 60 months set forth in the grid cell. It must now be determined whether the departure from the guidelines and imposition of twice the penalty resulted in an excessive sentence.
At the original sentencing, the trial judge took into consideration the presentence investigation report, the defendant’s work record, letters submitted by others on behalf of the defendant and the fact that the defendant did not go inside the store at the time of robbery. However, the court noted serious aggravating circumstances as well. First, the defendant furnished the gun involved in the robbery. Second, the defendant had a minor child with her while committing a serious felony. The court additionally noted the individual who went into the store and shot the victim received a fifteen (15) year sentence. The court initially stated imposing half of that individual’s sentence upon the defendant seemed fair.
In resentencing the defendant, the court stated that at the time of the original sentencing he was unaware that the individual *203 who shot the victim during the robbery was a minor. The trial court found that this individual was yet another minor under the defendant’s influence and that defendant had furnished this minor with a gun. The court further indicated that since the minor was under the defendant’s influence, the defendant was equally responsible for the crime. The court also noted the victim was injured during the offense. The mitigating circumstances considered by the court were the fact that the defendant’s record was good; the fact that defendant was not the one who fired the gun; and the letters written by others on her behalf.
The statutory sentencing range for armed robbery is imprisonment at hard labor for not less than five years and for not more than ninety-nine years, without benefit of probation, parole or suspension of sentence.
This court concludes the sentence imposed on the defendant at resentencing was not excessive in light of the aggravating factors involved, especially after considering the aggravating factor which was overlooked by the judge at the original sentencing. Despite the doubling of the defendant’s sentence, the final sentence imposed is less than one sixth of the maximum possible statutory sentence.
For the foregoing reasons, we affirm.
AFFIRMED.