JiDOUCET, Judge.
The defendant, Bobby Dean Sonnier, appeals his conviction for simple burglary and the sentence of 72 months at hard labor imposed in connection therewith.
On August 25, 1993, Sonnier entered a trailer belonging to the Deshotel family, by breaking in through a window. The Des-hotels were not staying at the trailer. A neighbor, Paul Bertrand, noticed activity and had Mr. Deshotel called. When Deshotel said no one should be at the trailer, Bertrand called the Beauregard Parish Sheriffs Department. Two officers came, found the de *652 fendant in the trader and arrested him. He was charged with simple burglary, a violation of La.R.S. 14:62.
The defendant waived his right to a jury. The trial judge found the defendant guilty as charged and sentenced him to 72 months at hard labor. The defendant moved to amend the sentence. The trial judge denied the motion. Defendant appeals the sentence and conviction.

SUFFICIENCY OF THE EVIDENCE

The defendant first argues that the evidence adduced at trial was not sufficient to support a guilty verdict.
|2When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the appellate court is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La. 1983); State v. Duncan, 420 So.2d 1105 (La. 1982). It is the role of the fact finder to weigh the credibility of the witnesses. The appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations called for under the Jackson standard of review. State ex rel. Graffagnino v. King, supra.
To obtain a conviction, the state must prove the elements of the crime, simple burglary in this case, beyond a reasonable doubt. La.R.S. 14:62 defines simple burglary as follows:
“Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.”
Therefore, the state had the burden of proving that there was: 1.) an unauthorized entry, 2.) of a dwelling, vehicle, watercraft, or other structure, and 3.) that the defendant had the intent to commit a felony or theft therein. The defendant claims that the state failed to prove that he had the requisite intent. He argues that he did not take anything while in the trailer. He claims that he may have eaten or disposed of some food. Therefore, he argues that the evidence does not show that he had the intent to commit a felony or theft.
La.R.S. 14:67 states that theft is the “... misappropriation or taking of anything of value which belongs to another....” The record shows that the defendant entered the trailer with the intention of finding something to eat. Deshotel testified that the defendant left out bacon, which spoiled, and opened bags of soup. Cans of tuna fish were missing and milk was left out to spoil. Mrs. Deshotel testified that rice had been cooked and a jar of mayonnaise was thrown on the floor. The defendant admitted trying to get something to eat. The defendant argues that “anything of value” should not be interpreted to include Rthe food he ate while in the trailer.
La.R.S. 14:2 defines “anything of value” as follows:
(2) “Anything of value” must be given the broadest possible construction, including any conceivable thing of the slightest value, movable or immovable, corporeal or incorporeal, public or private, and including transportation, telephone and telegraph services, or any other service available for hire. It must be construed in the broad popular sense of the phrase, not necessarily as synonymous with the traditional legal term ‘property.’ ...”
Under this definition the food eaten and/or destroyed at the Deshotels’ trailer must be considered a thing of value. Accordingly Sonnier committed a theft in the trailer. Therefore, the state carried its burden of proving beyond a reasonable doubt that Son-nier committed simple burglary.

EXCESSIVE SENTENCE

The defendant next argues that he was sentenced to an excessive sentence that constitutes cruel and unusual punishment. In *653 State v. Smith, 93-0402 (La. 7/5/94); 639 So.2d 237, the Louisiana Supreme Court held that:
“... (1) while a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, (FN12) but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.” (footnotes omitted)
A review of the record reveals that the trial judge considered the sentencing guidelines. Further, the sentence is within the range provided by the guidelines. The trial judge listed several considerations in the written reasons he gave for rejecting the defendant’s motion to amend the sentence.
To be excessive a sentence must be so grossly disproportionate to the severity of the crime as to shock our sense of justice or must make no measurable contribution to acceptable penal goals, therefore constituting a needless imposition of pain or suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 43 Cir.1988), writ denied, 536 So.2d 1233 (La. 1989). The'trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of a manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
In this case defendant was convicted to 72 months at hard labor. The statutory maximum sentence is twelve years. Given the defendant’s prior history which includes a conviction for armed robbery and a plea of no contest to resisting arrest, we cannot say the trial judge abused his discretion in imposing sentence in this case.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.