Dear Mr. Silvie:
Your request for an Attorney General's Opinion was forwarded to me for research and reply. In particular, you have asked the following questions:
 1) On what authority do bounty hunters act, and are there restrictions upon that authority?
 2) May local law enforcement officers assist bounty hunters in locating and arresting fugitives within their jurisdiction?
In order to understand the authority of bounty hunters, one must examine the role of bail bondsman in criminal procedure. As stated in Attorney General Opinion No. 96-85, a bail bondsman, upon posting bail for a defendant, enters into a suretyship with the State, and thereby becomes the surety who is responsible for the principal's appearance in court. A breach of the contract leads to a monetary judgment against the surety. It is only through this contractual relationship with the defendant and the State that the bondsman, as surety, is given any authority over the defendant. This limited authority is granted to bondsmen in La. C.Cr.P. art. 345 (A), which states in part:
For the purpose of surrendering the defendant, the surety may arrest him.
It is at this point that the bounty hunter becomes part of the process. The surety bondsman enters into a contractual agreement with the bounty hunter to find and arrest the fugitive for a fee. Thus, bounty hunters act upon the authority given to them by bail bondsmen. As for the limits of this authority, there is very little regulation of these bounty hunters, either in their certification or their methods for arresting fugitives. There are several Louisiana cases, however, which clearly state that the methods employed by these bounty hunters must be reasonable. See State v. Everett, 530 So.2d 615 (La.App. 3 Cir. 1988).
Your second question asks whether local law enforcement officers are legally permitted to assist bounty hunters in locating and apprehending fugitives within their jurisdiction. For the reasons which follow, it is the opinion of this office that such local authorities may certainly assist bounty hunters in this manner. In Attorney General Opinion No. 81-253, this office opined that not only is such cooperation anticipated, but it is a preferred alternative to the bounty hunter acting alone. Peace officers, including municipal law enforcement officers, are granted broad authority to locate and apprehend fugitives within their jurisdiction. Furthermore, one could argue that the cooperation between law enforcement and bounty hunters is essential to public safety, in that it facilitates the removal of fugitives from the general public. Please note that in certain circumstances, bounty hunters would have to comply with the Louisiana law on extraditions, La. C.Cr.P. art. 261 et seq.
In conclusion, bounty hunters derive their authority to arrest fugitives from their contractual agreement with bail bondsmen, who are granted their power to arrest in La. C.Cr.P. art. 345. Also, it is the opinion of this office that local law enforcement officers may assist bounty hunters in finding and arresting fugitives within their jurisdiction.
I hope that this opinion has adequately addressed your needs. If we may be of further assistance, please do not hesitate to contact us. With warmest regards, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: _______________________________________________ ANN EVANS WALL Assistant Attorney General
Opinion No. 96-85
April 9, 1996
47 — Fines, Forfeitures and Penalties 8 — Bonds-Surety La. C.Cr.P. Art. 345(A); La. C.Cr. P. Art. 204; La. R.S.15:571.11; La. R.S. 9:3576.5; La. R.S. 15:574.20(D)(1).
A municipality may not procure the service of a bail bondsman in order to collect on unpaid bench warrants.
Ms. Peggy C. Savoy Mayor Village of Port Vincent 18235 LA Hwy 16 Port Vincent, LA 70726