527 So.2d 601 (1988)
STATE of Louisiana
v.
Richard Glynn NAQUIN.
No. CR87-1329.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
*602 Michael Johnson, Marksville, for defendant-appellant.
J. Edward Knoll, Dist. Atty., Marksville, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and KING, JJ.
DOMENGEAUX, Judge.
On September 17, 1987, the defendant, Richard Glynn Naquin, pleaded guilty to one count of simple burglary. On October 13, 1987, th defendant was sentenced to serve one year at hard labor, pay a fine of $1,000.00, pay a victim reparation fee of $100.00, and pay court costs. The defendant has appealed, contending that his sentence and fines are excessive.

FACTS
On May 15, 1987, Al Lemoine, principal of Plaucheville High School notified the police that approximately $2,800.00 in cash and checks collected for senior class rings were missing from his secretary's file cabinet. There was no evidence of a forced entry. The police questioned all employees who had keys to the principal's office. Defendant, Richard Naquin, was the school's athletic director and coach. A student's parent, Jerome St. Romain, informed the police that, while waiting outside of the school for his son on the evening of May 14, 1987, he observed Mr. Naquin leave the school around 9:30 p.m. The defendant was subsequently questioned by police and immediately admitted to taking the money. Naquin stated that he had unlocked the window in the principal's office earlier in the day and that night, entered the office and took two bags containing cash and checks. The defendant threw the checks and bags into a nearby canal but retained the currency which totalled to approximately $750.00. The defendant then hid this currency at his girlfriend's residence in Baton Rouge. After the defendant's confession, all of the currency was returned with the exception of the discarded checks.
The defendant pleaded guilty to simple burglary and was sentenced to serve one year at hard labor and ordered to pay a fine of $1,000.00, plus court costs and a victim reparation fee of $100.00.

ASSIGNMENT OF ERROR
The defendant contends that both the sentence of one year at hard labor and the fine of $1,000.00 were excessive[1] because (1) he was a first offender, (2) he made full restitution, (3) he readily confessed to the crime, and (4) he was suffering from extreme emotional and financial stress due to his then pending divorce. The defendant argues that under these mitigating circumstances, he was a prime candidate for rehabilitation and should have been placed on supervised probation.
Under La.R.S. 14:62, the maximum penalty for the offense of simple burglary is imprisonment for not more than twelve years with or without hard labor and a fine of not more than $2,000.00. Even though the defendant's sentence is within the statutory limit, a sentence may still violate the defendant's constitutional right against excessive punishment. La. Const. Art. I § 20; State v. Sepulvado, 367 So.2d 762 (La.1979). The statutory guidelines of La. C.Cr.P. art. 894.1 furnish criteria by which the reviewing Court can measure whether a sentence is excessive. State v. Cox, 369 So.2d 118 (La.1979). To constitute an excessive sentence, the penalty imposed must be so grossly disproportionate to the crime committed in light of the harm caused to *603 society as to shock our sense of justice. State v. Cann, 471 So.2d 701 (La.1985); State v. Bonanno, 384 So.2d 355 (La.1980).
In this case, the Trial Judge very thoroughly articulated his reasons for sentencing as required under La.C.Cr.P. art. 894.1. In his reasons, the Trial Judge considered all of the aforementioned mitigating factors; namely, that the defendant was a first offender, he fully confessed and made restitution for the crime, was undergoing emotional and financial stress at the time of the commission of the crime and had an excellent employment history. Aggravating factors the Trial Judge considered included that the crime was premeditated and not one of impulse, that the defendant confessed only after he was confronted with implicating evidence, the fact that numerous innocent people were cast as suspects due to the defendant's crime and, most importantly, that the defendant had betrayed the high position of trust and responsibility placed in him by the school, faculty and student body. The Judge ruled that considering all of the above factors, he felt that a probated sentence was inappropriate.
The defendant's sentence of one year at hard labor was within the lower range of the possible maximum sentence. The Trial Judge is given wide discretion in imposing sentences within the statutory limits and they should not be set aside absent manifest abuse of discretion. State v. Davis, 449 So.2d 452 (La.1984). In light of the Trial Judge's careful consideration of all of the relevant aggravating and mitigating factors and the fact that the defendant's sentence was in the lower range of possible sentences, we do not feel that the defendant's sentence to one year at hard labor and a fine of $1,000.00 is an abuse of the Trial Judge's discretion.
AFFIRMED.
NOTES
[1] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See, State v. Goodman, 427 So.2d 529 (La. App.3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App.3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App.3rd Cir.1983), concurring opinion at 1169; State v. Rainwater, 457 So.2d 1280 (La.App.3rd Cir. 1984), concurring opinion at 1282.