DOUCET, Judge.
On May 1, 1989, defendant, Annie Mae Craig, was charged by grand jury indictment with five counts of distribution of cocaine, a violation of La.R.S. 40:967 A. After a jury trial on October 18, 1989, defendant was found guilty on all counts as charged. On February 2, 1990, defendant was sentenced to twelve years on each count, with the sentences to run concurrently and a $1,500 fine. Defendant now appeals her convictions and sentences based on eight assignments of error.
INEFFECTIVE ASSISTANCE OF COUNSEL
Defendant contends she received ineffective assistance of counsel because her counsel failed to timely object during improper questioning by the prosecution in the voir dire examination. Defendant states that her attorney failed to properly address the issues in direct examination and failed to properly object in the cross examination of witnesses. Defendant also states that her counsel failed to object to inflammatory and prejudicial argument in the prosecution’s closing argument. Because of the above actions of her attorney, defendant argues that her right to a fair and impartial trial was prejudiced.
However, the defendant does not single out any specific instances or make any reference to the record on the alleged instances of ineffective assistance of counsel. Uniform Rules — Courts of Appeal, Rule 2-12.4 states that:
“The argument on a specification or assignment of error in a brief shall include a suitable reference by volume and page to the place in the record which contains the basis for the alleged error. The court may disregard the argument on that error in the event suitable reference to the record is not made.
All specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed.”
Defendant’s assignment of error is deficient. It makes no mention of any statutes or jurisprudence and contains no reference to the record. Therefore, this assignment of error is considered abandoned.
SUFFICIENCY OF THE EVIDENCE
Defendant contends the jury erred by rendering a verdict not supported by the *299 law and evidence. Defendant asserts the evidence was not sufficient to justify a conviction for distribution of cocaine. It should be noted that defendant has not made any specific reference as to why there is insufficient evidence to justify a conviction for the crimes. Defendant has also made no reference to the record or to any controlling statutes or jurisprudence. Therefore, this assignment of error is also dismissed under Rule 2-12.4.
WITNESSES IN RESTRAINTS
Defendant argues the trial court erred by not allowing witnesses otherwise incarcerated to remove leg irons and handcuffs while testifying. Defendant asserts the trial court’s refusal to allow the witnesses to testify without restraints prejudiced the defendant’s right to a fair and impartial trial.
Once again, the defendant makes no reference to the record nor does she cite any controlling statutes or jurisprudence. Under Rule 2-12.4, this assignment of error is deficient and considered abandoned.
DISALLOWANCE OF EVIDENCE
Defendant contends the trial court erred in that the judge directed the prosecution to object when there otherwise was no objection by the prosecution. Defendant also contends the trial court erred by not allowing subpoenaed documents to be introduced into evidence when the following discussion at the bench occurred:
BY THE COURT: So why did they have an obligation to come in here and lay this in — you know, in evidence, when those things are not necessarily admissible? And given certain circumstances, they may be admissible for a particular point. I’m trying to understand the point that you are making when you call this officer and ask for his records, because I can envision you getting Mr. McCullough in here asking him if he’s got all of his reports and his records and so forth, and where do we go from there?
BY MR. STEPHENS: Your Honor, I’d like to go through the reports with him, if he has them.
BY THE COURT: Well, you’re not entitled to do that.
BY MR. STEPHENS: Well, who is going to object? Has there been an objection to that Your Honor? Or is the Court going to take the objection on the part of the prosecution?
BY MR. JONES: I’m going to object, Your Honor. I’ve already indicated that at the bench prior to him questioning Officer Jackson in front of the
BY MR. STEPHENS: No, no, there was no discussion. This is the first I’ve heard of this. He’s taking — he’s following the objection now with the directives of the judiciary, and I’m going to take an assignment of error, Your Honor.
BY THE COURT: No, I have a right to regulate in my court things that are improper or not legally permissible procedures, whether there is an objection or not. Now, I have the right to regulate, within certain limits, Mr. Stephens, the examination of witnesses.
Defendant contends this improper direction by the judge is in error and prejudiced defendant’s right to a fair trial.
At the point in the trial that this discussion occurred, defense counsel wanted to question an officer about the documents he had brought to court pursuant to a subpoena duces tecum. The trial court was concerned about the relevancy and admissibility of these documents. La.C.Cr.P. art. 17 provides that:
“A court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue such writs and orders as may be necessary or proper in aid of its jurisdiction. It has the duty to require that criminal proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done. A court has the power to punish for contempt.
La.Code of Evidence art. 611 provides:
A. Control by court. Except as provided by this Article and Code of Criminal *300 Procedure Article 773, the parties to a proceeding have the primary responsibility of presenting the evidence and examining the witnesses. The court, however, shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to:
(1) Make the interrogation and presentation effective for the ascertainment of the truth;
(2) Avoid needless consumption of time; and
(3) Protect witnesses from harassment or undue embarrassment.”
In the instant case, the court was exercising its control over the proceedings to avoid a needless consumption of time under its authority from La.Code of Evidence art. 611 A(2). COMMENT B to art. 611 indicates that judges have the right and power to regulate and control proceedings in their court and the jurisprudence has recognized the broad discretion of judges in evaluating the sufficiency of the foundation laid for the introduction of evidence and controlling the interrogation of witnesses. The court was trying to determine how many reports, their relevancy and the amount of time it would take to question the officer about these reports. There was no error by the trial court. It was not directing the prosecution to object. The trial judge was seeing to it that the proceeding was conducted in an expeditious manner. The trial court did allow the defendant to question the officer about the reports concerning the defendant. Therefore, the trial court did not prevent these subpoenaed documents from being introduced into evidence. These assignments of error have no merit.
DISQUALIFICATION OF WITNESSES
Defendant contends the trial judge acted in a prejudicial manner towards defense counsel throughout the trial, and that the trial court erred in that it failed to allow testimony by the defendant’s daughters. Defendant contends the refusal of the trial court to allow the witnesses to testify prejudiced defendant’s right to a fair trial.
With regard to the first daughter, the trial court stated that it would sustain any objection to the daughter testifying about defendant's medical condition. The trial court felt this testimony would be repetitive since there had already been testimony concerning the defendant’s medical condition. The trial court also stated that any such testimony would be hearsay. The court found this testimony to be irrelevant to the issue of whether the defendant committed the crimes. Under La.Code of Evidence art. 611 A(2) it was within the discretion of the trial court to warn defense counsel that he would sustain an objection to testimony which was wasting the court’s time.
The court finally decided not to let the daughter testify because all of the other witnesses had been sequestered yet the daughter had been in the courtroom for the entire trial. Under La.Code of Evidence art. 615 B, a court may impose appropriate sanctions for violations of its exclusion order including contempt, appropriate instructions to the jury, or when such sanctions are insufficient, disqualification of the witness. In State v. Warren, 437 So.2d 836 (La.1983), the court held there was no reversible error when the testimony of a witness was excluded for violation of a sequestration order since the testimony of that witness was merely cumulative and was from a family member, not an independent witness. The court stated that unless the excluded testimony was material and significant to a degree which would render its exclusion prejudicial to substantial rights of the accused, or which would constitute a substantial violation of a constitutional or a statutory right, then defendant would not be prejudiced by its exclusion.
Defense counsel never moved to have this witness sequestered and the daughter was not on the list of prospective witnesses for the defendant. Defense counsel decided to call this witness only after two other character witnesses for the defendant declined to testify. Defense counsel wanted the daughter to testify only as to her mother’s medical condition. The trial judge indicated that this evidence was already before the jury and the daughter’s testimony to this fact would be cumulative. Under the *301 criteria of State v. Warren, supra, the defendant was not prejudiced by exclusion of the daughter’s testimony. Testimony by this family member would not have been material and significant to the defense. The defendant made no objection when the judge decided to exclude the witness for violation of the sequestration order. The defense made no proffer of evidence that the daughter’s testimony would be relevant and material. As a result, defendant has not established that she was prejudiced by the exclusion of this testimony.
At this point in the trial, the defense indicated that it was ready to give closing arguments. Defense counsel then indicated that there was another daughter who could testify to the same facts as the first daughter. However, the trial judge refused to let this second daughter testify because defense counsel had indicated he was ready to give his closing argument.
There was no error in excluding the second daughter’s testimony. There is no evidence whether or not this daughter had been in the courtroom for prior testimony, which would have been a violation of the sequestration order. Additionally, defense counsel explained the second daughter could testify to the same facts as the other daughter. The trial court had, however, already stated that it did not see the relevance in the first daughter’s testimony. The trial court further indicated that this testimony would be repetitive because evidence of the defendant’s medical condition had already been put before the jury. The defendant did not object to the exclusion of the second daughter’s testimony nor did he make a proffer of evidence. Therefore, under State v. Warren, supra, defendant was not prejudiced by the exclusion of the second daughter’s testimony. Accordingly, the testimony of both daughters was properly excluded.
EXCESSIVE SENTENCE
Defendant argues the trial court erred in giving the defendant a sentence that is cruel and excessive. Defendant argues that she does not have any significant criminal record and she is in poor health. Defendant contends there are several mitigating circumstances under La.C.Cr.P. art. 894.1 B because the undercover officers induced defendant’s criminal conduct, defendant is likely to respond to probationary treatment and defendant was never given the option to participate in a pretrial drug testing program. Therefore, defendant contends she should have been given a more lenient sentence.
Article 1 § 20 of the Louisiana Constitution of 1974 prohibits “cruel, excessive, or unusual punishment.” A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App.3d Cir.1988). To constitute an excessive sentence this court must find the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3d Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210, 1217 (La.1982).
The sentencing range for distribution of cocaine is imprisonment at hard labor, for not less than five years nor more than 30 years, and a fine of not more than $15,000. La.R.S. 40:967. In the instant case, the defendant was charged with five counts of distribution of cocaine. On each count, defendant was sentenced to serve twelve years at hard labor, with all sentences to run concurrent and a $1,500 fine.
When sentencing defendant, the trial court stated that the undercover investigation by the police led to the arrest and conviction of six of defendant’s children, along with the defendant. The trial court was concerned about the size of the drug operation that was being conducted from the defendant’s house. The defendant was *302 voluntarily involved in the distribution of a large amount of drugs and she was not induced to sell drugs by the undercover officers. The trial court also reviewed the presentence investigation report and found that defendant had been previously charged with possession of marijuana and illegal possession of stolen things. However, these charges were dropped. Defendant had been found guilty of shoplifting in 1988. The trial court found the defendant had a bad attitude and did not realize the harm she was causing by selling cocaine. The defendant did not have any remorse for selling cocaine to children and she still maintained her innocence even though the evidence against her was overwhelming. The trial court also considered the defendant’s medical condition when sentencing the defendant. Since defendant had been in jail and taking her medication daily, her condition had improved. The trial court found that except for defendant’s age and health, there were no mitigating circumstances. Since the court felt the defendant would not respond to probationary treatment, a prison sentence was imposed. It is submitted that the trial court considered all relevant circumstances when sentencing the defendant, and the sentence imposed does not shock our sense of justice. There was no manifest abuse of discretion by the trial court when it sentenced the defendant. This assignment of error has no merit.
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.