JiCOOKS, Judge.
Berdia Gordon was charged by bill of information with theft, a violation of LSA-R.S. 14:67. The bill of information was subsequently amended to charge her with theft of goods valued at more than $100 but less *493 than $500, a violation of LSA-R.S. 14:67.10(B)(2). Gordon presented forged checks at two grocery stores. Pursuant to a plea bargain, Gordon pled guilty to the amended charge. The state agreed to dismiss other charges pending against Gordon: two counts of forgery, two counts of theft and six counts of issuing worthless checks. Gordon was sentenced to serve two years at hard labor. Gordon contends her sentence, which is greater than the sentence recommended by the Sentencing Guidelines, is excessive. We affirm.
In State v. Smith, 93-0402, p. 3 (La. 7/5/94), 639 So.2d 237, 240 the Louisiana Supreme court held:
(1) while a trial judge must consider the Guidelines, he has complete discretion, to reject the Guidelines and impose any sentence that is not constitutionally excessive, but is. within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for imposition of that sentence. La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.
[zArticle 1, § 20 of the Louisiana Constitution of 1974 prohibits “cruel, excessive, or unusual punishment.” A sentence that falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3d Cir.1988). To constitute an excessive sentence, this court must find the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or the sentence makes no measurable contribution to acceptable penal goals, and therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3d Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
Gordon was sentenced to two years, which is the maximum sentence allowed by LSA-R.S. 14:67.10(B)(2). The record shows the trial judge considered the Guidelines, stated the considerations taken into account and a factual basis for the imposition of the sentence. Gordon’s sentencing guidelines report and pre-sentence investigation report were reviewed. The court noted Gordon reduced her sentence exposure by entering into a plea agreement with the State and Gordon was not qualified for a probated sentence since she was a second felony offender. The court also noted Gordon’s offense resulted in significant economic loss to two grocery stores. Gordon’s history of issuing worthless checks, the court stated, indicated her disregard for the law concerning theft of goods and monies owned by other individuals. In State v. LeBlanc, 578 So.2d 1036 (La.App. 3d Cir.1991), writ denied, 620 So.2d 833 (La. 1993), this court stated the sentencing court could consider a defendant’s criminal activities that did not result in a conviction or conviction of a lesser charge.
We find the trial judge did not abuse her discretion in imposing a sentence of two years at hard labor. This penalty is not so grossly disproportionate to the severity of the crime as to shock our sense of justice nor is it a needless imposition of pain and suffering. Therefore, Gordon’s sentence is affirmed.
AFFIRMED.