838 So.2d 869 (2003)
STATE of Louisiana
v.
Bertman BALLOU, III.
No. 02-0954.
Court of Appeal of Louisiana, Third Circuit.
February 5, 2003.
Michael Harson, District Attorney, Lafayette, LA, for Appellee, State of Louisiana.
Peggy J. Sullivan, Louisiana Appellate Project, Monroe, LA, for Defendant/Appellant, Bertman Ballou, III.
Court composed of NED E. DOUCET, JR., Chief Judge, OSWALD A. DECUIR and MARC T. AMY, Judges.
AMY, Judge.
The defendant pled guilty to first degree robbery and was sentenced by the trial court. After a motion to reconsider the sentence was denied, the defendant appealed. For the following reasons, we affirm.

Factual and Procedural Background
The defendant, Bertman Ballou, III, was charged by bill of information on June 6, 2001 with armed robbery with the use of a *870 firearm[1] and contributing to the delinquency of a juvenile[2] along with three other co-defendants. The defendant ultimately pled guilty to the lesser included offense of first degree robbery;[3] and in exchange for the plea, the contributing to the delinquency of juvenile charge was dismissed.
On March 25, 2001, the trial court sentenced the defendant to serve nine years at hard labor without benefit of probation, parole, or suspension of sentence. A motion to reconsider the sentence was filed. However, that motion was denied without a hearing on April 4, 2002. The defendant now appeals rasing the following assignment of error:
The sentence of nine years at hard labor without benefit of parole, probation or suspension of sentence imposed upon Bertman Ballou, III, constituted an excessive sentence under the facts and circumstances of this case and considering the personal history of Mr. Ballou.

Discussion

Standard of Review
The trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case; and, as a result, the trial court is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96); 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). Accordingly, when reviewing a sentence, an appellate court will determine whether the trial court abused its broad discretion, not whether another sentence may have been more appropriate. State v. Planco, 96-812 (La. App. 3 Cir. 3/26/97); 692 So.2d 666.

Excessive Sentence
In his brief, the defendant contends that the trial court failed to adequately consider several factors provided by La.Code Crim.P. art. 894.1 and the facts of this case. The defendant notes that he was only twenty-two years old when this offense occurred. The defendant further notes that, while he was a principal to the offense, he only drove the car. Lastly, the defendant asserts that he did not use or possess a weapon during the commission of the offense. Accordingly, the defendant argues that he should not have been sentenced to nine years at hard labor under these facts. We find that the defendant's assignment of error lacks merit.
Addressing the issue of sentencing, a panel of this court stated:
In sentencing a defendant, the trial court must specifically state for the record the considerations taken into account and the factual basis for the sentence. La.Code Crim.P. art. 894.1(C). Although not all aggravating and mitigating factors listed in Article 894.1(A) must be referenced by the sentencing judge, the record must affirmatively reflect that adequate consideration was given to codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
State v. Blackmon, 99-391, p. 7 (La.App. 3 Cir. 11/3/99); 748 So.2d 50, 53-54, writ denied, 99-3328 (La.4/28/00); 760 So.2d 1174.
Both the United States and Louisiana Constitutions prohibit cruel, excessive, or unusual punishment. U.S. Const. amend. VIII; La. Const. art. I, § 20. Although legislative enactments are presumed constitutional under both the Federal and *871 State constitutions, a sentence that falls within the statutory limits may be excessive under certain circumstances. See Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); State v. Griffin, 495 So.2d 1306 (La.1986); State v. Gordon, 94-1017 (La.App. 3 Cir. 3/1/95); 651 So.2d 492. Specifically, a sentence within the statutory limits is excessive when that the sentence is "so grossly disproportionate to the severity of the crime as to shock our sense of justice or ... makes no measurable contribution to acceptable penal goals and, therefore, constitutes nothing more than a needless imposition of pain and suffering." State v. Jordan, 98-101, p. 7 (La.App. 3 Cir. 6/3/98); 716 So.2d 36, 39.
In the present case, the trial court provided the following oral reasons for imposing the sentence on the defendant:
All right. Mr. Ballou, while you are as guilty as Mr. Malveaux in this crime, you did not hold the weapon and apparently were the driver of the vehicle, since you were the only one of the four identified by the victims.
I am very concerned that you are a convicted felon, having committed this crime while on probation. You have family members who obviously care about you and have written to me telling me what a good person you are, but your record indicates otherwise. A young man for your age to be a second time felon indicates something other than being a good person. I did not take into account your arrests; they are not convictions. However, I must consider your prior convictions. I have reviewed the Code of Criminal Procedure Articles relative to aggravation and mitigation, as well as the facts in this crime, as well as your prior record, Sir.
I sentence you to serve nine years at hard labor to be served without parole, probation or suspension of sentence.
The trial court generally referred to La. Code Crim.P. art. 894.1, the facts of this case,[4] and the defendant's prior record.[5] The trial court also considered the defendant's prior felony conviction to be an aggravating factor. Specifically, the trial court noted that not only was the defendant on probation at the time that he committed first degree robbery, but, he also had acquired two felony convictions at a very young age. Due to these considerations, we find that the trial court provided a sufficient basis for the sentence in accordance with La.Code Crim.P. art. 894.1.
In addition, the defendant faced the possible incarceration of three to forty years without benefit of parole, probation or suspension of sentence for the conviction of first degree robbery. See La.R.S. 14:64.1(B). In light of the aggravating *872 factors cited by the trial court and the possible sentence of forty years without benefit of parole, probation or suspension of sentence, we also find that the trial court did not abuse its discretion when it sentenced the defendant to nine years at hard labor without benefit of probation, parole, or suspension of sentence. Furthermore, under the facts and circumstances of this case, the defendant's sentence is not grossly disproportionate to the severity of the crime and does not constitute a needless imposition of pain and suffering.

Errors Patent
In accordance with La.Code Crim.P. art. 920, this appeal was reviewed for errors patent on the face of the record, and none were found.

DECREE
For the foregoing reasons, the sentence of the defendant, Bertman Ballou, III, is affirmed.
AFFIRMED.
NOTES
[1] See La.R.S. 14:64 and La.R.S. 14:64.3.
[2] See La.R.S. 14:92(A)(11)(a).
[3] See La.R.S. 14:64.1.
[4] The pre-sentence investigation report provides that the victim, Kippy Robinson, stated that he was washing his car at Johnny's Car Wash in Lafayette, Louisiana, when the crime occurred. Mr. Robinson said that, while washing his car, a white Cadillac pulled up near his vehicle, and three men exited the Cadillac. One of the men pointed a small silver automatic pistol at the victim while the other two took items from the victim. Mr. Robinson also stated that another man remained in the Cadillac, backed the Cadillac while the men took items from the victim, and drove away once the other men had completed the robbery. The defendant is believed to be the man who remained in the Cadillac.
[5] In addition to several arrests and pending cases, the pre-sentence investigation report provides that the defendant had two prior convictions. First, the defendant was convicted of simple burglary in 1999. He was sentenced to seven years at hard labor, suspended, with five years active supervised probation. Second, the defendant was conviction of simple battery in 2000. The defendant was sentenced thirty days in parish jail, suspended, and one year unsupervised probation.