NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1257

STATE OF LOUISIANA

VERSUS

LORENZO WATSON

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 15026-04
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Michael G. Sullivan, Judges.

AFFIRMED WITH INSTRUCTIONS.

John F. DeRosier
District Attorney
Carla S. Sigler
Assistant District Attorney
1020 Ryan Street
Lake Charles, Louisiana 70601
(337) 437-3400
Counsel for:
    State of Louisiana

**Mark O. Foster**
**Louisiana Appellate Project**
**Post Office Box 2057**
**Natchitoches, Louisiana  71457**
**(318) 572-5693**
**Counsel for Defendant/Appellant:**
      **Lorenzo Watson**

**SULLIVAN, Judge.**

Defendant, Lorenzo Watson, was charged by bill of information with armed robbery, a violation of La.R.S. 14:64. Defendant pled not guilty and not guilty by reason of insanity. A sanity commission was appointed and, following a hearing, Defendant was found competent to proceed to trial. Defendant later withdrew his plea of not guilty and not guilty by reason of insanity and pled guilty to first degree robbery, a violation of La.R.S. 14:64.1. Defendant was sentenced to twenty years at hard labor without the benefit of parole, probation, or suspension of sentence. Defendant filed a motion to reconsider sentence which was denied. Defendant sought and was granted an out-of-time appeal.

Defendant contends, in his sole assignment of error, that his sentence is excessive. For the following reasons, we affirm.

## FACTS

Defendant and two co-defendants robbed The Lucky Star Casino in Lake Charles, Louisiana, on July 14, 2004. A security guard was beaten in the face with bolt cutters and tied up with duct tape. Several safes were broken into and a large amount of money was taken.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there is one error patent.

The record does not indicate that the trial court advised Defendant of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Accordingly, the trial court is directed to inform Defendant of the

1

provisions of Article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that he received the notice into the record of the proceedings. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## ASSIGNMENT OF ERROR

Defendant argues that his sentence is constitutionally excessive. He contends that the trial court failed to take into consideration that he suffers from a mental illness and that he was either forced or led into committing the robbery, both mitigating factors that the trial court was required by statute to consider when sentencing him. La.Code Crim.P. art. 894.1.

> The trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case; and, as a result, the trial court is given broad discretion in sentencing. *State v. Cook,* 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied,* 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). Accordingly, when reviewing a sentence, an appellate court will determine whether the trial court abused its broad discretion, not whether another sentence may have been more appropriate. *State v. Planco*, 96-812 (La.App. 3 Cir. 3/26/97); 692 So.2d 666.

*State v. Ballou,* 02-954, pp.1-2 (La.App. 3 Cir. 2/5/03), 838 So.2d 869, 870.

In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, this court set forth the following standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981).

2

Moreover, in *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, this court held that in order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991).

Defendant pled guilty to first degree robbery. The penalty for committing first degree robbery is imprisonment at hard labor for not less than three years and not more than forty years, without benefit of parole, probation, or suspension of sentence. La.R.S. 14:64.1. Defendant was sentenced to twenty years imprisonment.

At the sentencing hearing, Karen Stevenson, the victim's wife, addressed the trial court. She testified that her husband was a defenseless older man and that he had almost been killed on the night of the robbery. She indicated that he suffered prolonged and debilitating injuries because of the beating. She asked that Defendant be sentenced to the maximum sentence.

Defendant's mother, Arlene George, also testified at the hearing. She related that she had given birth to Defendant when she was twelve years old and that he had been taken from her custody and passed around to different foster homes. She stated that Defendant had been on medication and doing illegal drugs at the time of the robbery and that he was not responsible for his actions. In her opinion, Defendant had been forced to participate in the robbery.

3

Defense counsel also spoke on Defendant's behalf, noting that Defendant had previously been diagnosed with schizophrenia and that he had a long history of mental illness. He argued that while Defendant's mental condition did not prevent him from being able to proceed to trial, it needed to be taken into account as a mitigating circumstance. He pointed out that the female co-defendant, who was Defendant's girlfriend at the time, had formerly worked at the location of the robbery. The other co-defendant, who was accused of committing the actual beating of the victim, was either a half-brother or foster brother of Defendant. According to defense counsel, these factors negated the possibility that Defendant was the mastermind behind the robbery.

Defendant took the stand, testifying that he tried to stop the beating and that he had no intention of anyone getting hurt. He apologized to the victim's wife.

At the hearing, the trial court stated:

> I'm familiar with your case because, as I indicated, I was working for the District Attorney's Office when you were removed from your mother. Your mother had her own problems, her own demons to fight, and I'm aware of the problems that you've had, the foster homes. But since 1995, you've had a lot of run-ins; only one prior conviction--well, two prior convictions at the same time, both involving drugs. But this Court has to recognize the report that shows some five separate instances of simple battery, first degree robbery, aggravated battery, resisting, simple battery, aggravated battery, agg [sic] assault, violating a restraining order.

> . . . .

> This Court has considered, of course, the history that its [sic] delineated for the record, and I think I needed to make that known. I would be remiss if I did not indicate that I was somewhat familiar with the family in this matter, and that's my reasoning for stating that for the record. Additionally, obviously, this Court takes into consideration the presentence investigation, the statements made, and the information granted to this court. Based on that and the prior history that this Court is presented with by this young man, unfortunately, I have no choice but

4

to sentence him to 20 years [with the] Department of Corrections, without benefit of parole, probation or suspension of sentence.

In *State v. Blackmon*, 99-391, p. 7 (La.App. 3 Cir. 11/3/99), 748 So.2d 50, 53-54, this court stated:

> In sentencing a defendant, the trial court must specifically state for the record the considerations taken into account and the factual basis for the sentence. La.Code Crim.P. art. 894.1(C). Although not all aggravating and mitigating factors listed in Article 894.1(A) must be referenced by the sentencing judge, the record must affirmatively reflect that adequate consideration was given to codal guidelines in particularizing the defendant's sentence.

The record indicates that the trial court took into consideration all the mitigating circumstances of Defendant's case. In fact, the record was clear that the trial court knew Defendant and his situation personally from extensive past interactions with Defendant and his family. The trial court was well aware of Defendant's mental illness. In addition, it had the benefit of the sanity commission's reports and recommendations when it sentenced Defendant.

Moreover, a sentence of twenty-years imprisonment for the offense of first degree robbery is not an uncommon sentence under similar circumstances. The second circuit in *State v. Smith,* 35,418, p. 11 (La.App. 2 Cir. 12/5/01), 803 So.2d 337, 343, affirmed a twenty-year sentence imposed on a twenty-three year old who was a second time felony offender, noting that "[t]here is no excuse or justification for the offense, other than greed." Smith and his cousin had robbed the victim at gunpoint. Smith was charged with armed robbery, and a jury found him guilty of the responsive verdict of first degree robbery.

In *State v. Sullivan*, 02-360 (La.App. 3 Cir. 10/2/02), 827 So.2d 1260, *writ denied*, 02-2931 (La. 4/21/03), 841 So.2d 790, *writ denied*, 02-2965 (La. 9/5/03), 852 So.2d 1024, this court affirmed a thirty-year sentence imposed on a conviction,

pursuant to a guilty plea, for first degree robbery. The trial court noted at the defendant's sentencing hearing that Sullivan had a long-standing drug problem. Although Sullivan did not use a dangerous weapon while he committed the offense, he was a fourth-time felony offender.

In *State v. McNeil*, 42,231 (La.App. 2 Cir. 6/20/07), 961 So.2d 554, the second circuit affirmed a twenty-year sentence for the offense of first degree robbery, noting that NcNeil, who was a youthful, first-time felony offender, had been charged with armed robbery and had received a significant benefit when he was permitted to plead guilty to the lesser offense.

In the current case, Defendant has two prior convictions and several run-ins with the law that indicate a violent nature. Although Defendant insists he was not the one who administered the brutal beating of the victim, a dangerous weapon was used during the robbery and serious injuries were inflicted upon the victim. The trial court obviously weighed these aggravating circumstances against the mitigating circumstances present in this case.

Furthermore, Defendant received a benefit when he was allowed to plead guilty to first degree robbery. Had he been found guilty of armed robbery, he could have received up to ninety-nine years imprisonment without the benefit of parole, probation, or suspension of sentence. By pleading guilty to the lesser offense, he was exposed to a maximum potential sentence of forty years imprisonment, yet he received only twenty years imprisonment.

Considering the above jurisprudence and the facts of the current case, we cannot say the punishment that Defendant received shocks this court's sense of

6

justice. The trial court did not abuse its vast discretion when it sentenced Defendant to spend twenty years in prison for the offense of first degree robbery.

## CONCLUSION

Defendant's sentence is affirmed. The trial court is directed to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof that Defendant received the notice into the record of these proceedings.

**AFFIRMED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal. Rule 2-16.3.