# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**09-1480**


**STATE OF LOUISIANA**

**VERSUS**

**J.S.W.**


********** 

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 68111
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**

**Paula C. Marx**
**Louisiana Appellate Project**
**Post Office Box 80006**
**Lafayette, LA   70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **J.S.W.**

**Asa A. Skinner**
**District Attorney**
**Terry Wayne Lambright**
**Assistant District Attorney**
**Post Office Box 1188**
**Leesville, LA   71496-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

AMY, Judge.

The defendant entered pleas of no contest to two counts of indecent behavior with juveniles. On the first count, he was sentenced to serve six years imprisonment at hard labor and fined $2,500.00 plus court costs. On the second count, he was sentenced to five years imprisonment at hard labor and fined $1,000.00 plus court costs. The defendant appeals, asserting that the trial court did not have enough information before it particularized his sentence, that the five years imprisonment sentence on count two is excessive, and that the trial court erred in imposing fines and costs. For the following reasons, we affirm.

### Factual and Procedural Background

The defendant, J.S.W.[1], was initially charged by bill of information with one count of aggravated incest and one count of sexual battery of a juvenile for alleged sexual misconduct with his two minor children. Pursuant to a plea agreement, the defendant entered a plea of no contest to an amended bill of information of two counts of indecent behavior with juveniles, violations of La.R.S. 14:81. Again, these charges involved allegations of misconduct with two of his children, aged eleven and twelve at the time of the offense.

The trial court subsequently sentenced the defendant on the first count of the amended bill to six years imprisonment at hard labor and a fine of $2,500.00 plus court costs; and on the second count of the amended bill, five years imprisonment at hard labor and a fine of $1,000.00 plus court costs. These sentences were ordered to be served concurrently.

The defendant appeals, asserting the following errors:

---

[1] In accordance with La.R.S. 46:1844(W), the initials of the defendant is used to protect the victims' identity.

1.  The trial court failed to particularize the sentences to this offender and offenses, thus failed to comply with the mandates of [La.Code Crim.P. art.] 894.1.

> A.  The PSI [Presentence Investigation Report] failed to comply with La.Code Crim.P. Art. 875(A)(1).

2.  The sentence of five years at hard labor on Count 2 is excessive for this offender and offense.

3.  The imposition of a fine of Two Thousand Five Hundred ($2500.00) Dollars on Count 1 and One Thousand ($1000) Dollars on Count 2 and the requirement to pay court costs is not support in the record and should be vacated as JSW is indigent.

## Discussion

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record.  After reviewing the record, we find no errors patent.

*First Assignment of Error*

The defendant first argues that the trial court erred in failing to particularize his sentences in accordance with La.Code Crim.P. art 894.1 in that the presentence investigation report (PSI) failed to comply with La.Code Crim.P. art. 875(A)(1)[2].  Specifically, the defendant argues that the PSI failed to provide a social history or personal interview.

---

[2] Louisiana Code of Criminal Procedure Article 875(A)(1) provides:

A. (1) If a defendant is convicted of a felony offense or a misdemeanor offense that has been reduced from a felony, the court may order the Department of Public Safety and Corrections, division of probation and parole, to make a presentence investigation.  All such reports shall be made within sixty days of conviction except that when the defendant is released on bond pending imposition of sentence, such reports shall be made within ninety days of conviction.  In making the investigation, the probation officer shall inquire into the circumstances attending the commission of the offense, the defendant's history of delinquency or criminality, his family situation and background, economic and employment status, education, and personal habits.

2

At the sentencing hearing, the trial court noted that the PSI did not include the

defendant's social history or personal interview.[3]  However, a review of the record

---

[3]  The following exchange took place between the trial court and Mr. Fontenot, counsel for the defendant, at the sentencing hearing:

BY THE COURT:

. . . I will state that the report indicated that the social information and personal interview that's usually gathered in, in connection with the PSI was not able to be done because the defendant's - because of the defendant's inability to be there or, or for whatever reason the probation officer was not able to talk to him personally.
. . . .
Mr. Fontenot , you said you had something to present on that.

BY MR. FONTENOT: [Counsel for the defendant]:

Your Honor, after [the defendant] entered the plea and the Court ordered the PSI, he was taken to the Sheriff's Office and there was a problem with the property bond that he had posted. And, by the time they got that straight, they - no one there told him to go see the probation officer, Your Honor, and I never got a chance to talk to him.  I was under the impression he had already been to see the probation officer, but as [the defendant] indicated - I mean, he didn't do it, but nobody told him he had to go do it and that's why there's no information in there and - but, I believe he's willing to accept responsibility that he didn't go, Judge.  But, . . . (INTERRUPTED)

BY THE COURT:

. . . well, first of all let me state this.  I don't think it is required for the bailiff or whoever walked him across the street to tell him to do that.  I think counsel should be required and is required to tell him what to do pursuant to the PSI.  Counsel knows that . . . (INTERRUPTED)

BY MR. FONTENOT:

. . . sure . . .

BY THE COURT:

. . . the defendant has to go talk to them because that's part of the information that the defendant wants in the report.  So, if counsel doesn't tell him and the bailiff fails to tell him for whatever reasons, it does not excuse his absence in, in not going over there in my opinion.

BY MR FONTENOT:

Judge, I understand that and I don't know if I told him or I didn't.  I have no recollection, Judge, and I, I usually do that, but I don't know.  But, I'd ask the court - you know, we've been here I don't know how many times in the last four years and [the defendant] has always appeared.

BY THE COURT:

I understand that.

BY MR. FONTENOT:

And, I . . . (INTERRUPTED)

BY THE COURT:

. . . I'm just saying counsel, at this point - and, to be quite honest with you Mr. Fontenot, this report was received before the last sentencing date and it was available for you [to] see it prior to that time . . . (INTERRUPTED)

BY MR. FONTENOT:

. . . sure . . .

3

reveals that the trial court had enough information about the defendant and thus an adequate factual basis to determine an appropriate sentence. *See, e.g., State v. Iron*, 00-1238 (La.App. 3 Cir. 2/14/01), 780 So.2d 1123, *writ denied*, 01-1232 (La. 3/15/02), 811 So.2d 898.

During the sentencing hearing, the trial court stated:

The factors the Court considered are the factors under Article 894.1 of the Code of Criminal Procedure and I found that the following were pertinent. First of all, there are no substantial grounds which would tend to excuse or justify the defendant's criminal conduct. He did not act under strong provocation by the victims. He's thirty-eight years of age-or, was at the time that I prepared my notes here. I don't know if he's had a birthday since then and is thirty-nine now or not, but I don't know, as I said, his social history. The record reflects he did not have any kind of criminal record. He had some prior arrests but in those misdemeanor offenses. There was no further prosecution on, on those particular charges. The Court will note that he was originally charged with much more serious offences [sic] than what was ultimately charged in the amended bill to which he entered the plea of no contest and in particular an aggravated incest and that his exposure by virtue of this plea agreement was significantly reduced as part of this plea agreement. And, so, Mr. Fontenot has substantially reduced his client's exposure as far as sentencing exposure is concerned in this case and that is a factor the Court can and should consider in determining an appropriate sentence in this case. The Court is aware that these were his two children and that there was a divorce at some point in the past involving custody issues and so forth in, in this particular instance and I, I gathered that from reading some of the reports from the Sheriff's Department and, and the things that were in the discovery that was in the, in the record.

---

BY THE COURT:
. . . and had you come at that time and looked at it you would have realized that that information was not available and you could have had your client do that between then and now and it would have been available for the Court. The facts are though, he's here for sentencing today and I don't have that information. There's been no request for a sentencing hearing to present it.

BY MR. FONTENOT:
No, sir.

BY THE COURT:
So, I'm going to be sentencing him without any information that may have been offered by him in that report so that's, that's the situation as it exists. . .

4

From both questioning the defendant and the victim impact statement contained in the PSI, the trial court knew of the defendant's age, marital history, and that he had three children. In addition, the victim impact statement allowed the trial court to consider the gravity of the offenses he committed. We note that while the defendant asserts that the trial court erred in considering a PSI without his family history or personal interview, the defendant does not allege with specificity how those pieces of information would have or should have influenced the trial court.

In *State v. Ballou*, 02-954, pp. 1-2 (La.App. 3 Cir. 2/5/03), 838 So.2d 869, 870, a panel of this court stated:

> The trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case; and, as a result, the trial court is given broad discretion in sentencing. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). Accordingly, when reviewing a sentence, an appellate court will determine whether the trial court abused its broad discretion, not whether another sentence may have been more appropriate. *State v. Planco*, 96-812 (La.App. 3 Cir. 3/26/97); 692 So.2d 666.

A review of the record does not reveal that the trial court abused its discretion in imposing a sentence on this defendant without the information allegedly absent in the PSI. Accordingly, we find no merit in the defendant's position that the trial court failed to particularize his sentence.

This assignment of error lacks merit.

*Second Assignment of Error*

The defendant asserts that his sentence of five years imprisonment at hard labor on count two of the amended bill of information is excessive.

In *State v. Walker*, 96-112, pp. 3-4 (La.App. 3 Cir. 6/5/96), 677 So.2d 532, 534-35, *writ denied*, 96-1767 (La. 12/6/96), 684 So.2d 924, this court held:

5

Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. *State v. Sepulvado*, 367 So.2d 762 (La.1979); *State v. Naquin*, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981); *State v. Everett*, 530 So.2d 615 (La.App. 3 Cir.1988), *writ denied*, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. *State v. Howard*, 414 So.2d 1210, 1217 (La.1982).

This court further stated in *State v. Williams*, 02-707, pp. 8-9 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1101:

The trial court may also consider other factors not provided by La.Code Crim.P. art. 894.1. Specifically, when the offense to which the defendant has pled guilty inadequately describes the entire course of the defendant's conduct, the court may consider the benefit obtained by the defendant through the plea bargain. *State v. Lanclos*, 419 So.2d 475 (La.1982). The trial court should particularly make such considerations where the plea bargain results in a significant reduction in the defendant's potential exposure to imprisonment. *State v. Robinson*, 33,921 (La.App. 2 Cir. 11/1/00); 770 So.2d 868; *State v. Waguespack*, 589 So.2d 1079 (La.App. 1 Cir.1991), *writ denied*, 596 So.2d 209 (La.1992). In addition, the trial court may consider other criminal activity which did not result in a conviction. *State v. Texada*, 98-1647 (La.App. 3 Cir. 5/5/99); 734 So.2d 854,[.]

In the present matter, the defendant pled no contest to indecent behavior with juveniles which carries a maximum sentence of seven years imprisonment. La.R.S. 14:81(H)(1). As noted in the recitation of the sentencing transcript above, the trial court noted that the defendant received a substantial benefit from his plea agreement. Indeed, the defendant's original charge was for sexual battery which carries a maximum sentence of no more than ten years imprisonment without the benefit of parole, probation or suspension of sentence. La.R.S. 14:43.1(C). Moreover, at the

6

same time the defendant was sentenced on count two, he was also sentenced on the first count of indecent behavior, reduced from a charge of aggravated incest, an offense that provided for a range of punishment of not less than five years imprisonment and not more than twenty years and a fine not to exceed $50,000.00. Finally, pursuant to the defendant's plea agreement, the sentences were ordered to run concurrently; however, under the facts of this case, the trial court could have ordered the sentences to be served consecutively, for a total of eleven years imprisonment. *See* La.Code Crim.P. art. 883.

Further, considering the facts of the present case, it cannot be said that the trial court abused its discretion when it sentenced the defendant to five years imprisonment on the conviction of indecent behavior with a juvenile, a juvenile who was also the defendant's twelve-year-old daughter.

This assignment of error lacks merit.

*Third Assignment of Error*

Lastly, the defendant argues that the trial court erred when it sentenced him to pay fines and court costs as an indigent defendant, and he asks that these portions of his sentences be stricken. However, we note that this argument was not raised in the defendant's motion to reconsider sentence. Louisiana Code of Criminal Procedure Article 881.1(E) provides:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the notion on appeal or review.

Accordingly, we find that this assignment of error is precluded from review for the failure to raise such at the appropriate time.

7

## DECREE

For the foregoing reasons, the defendant's sentences are affirmed.

**AFFIRMED.**