649 So.2d 639 (1994)
STATE of Louisiana
v.
Larry A. CUSHMAN.
No. CR94-336.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1994.
*640 Asa Allen Skinner, for State.
Elvin Clemence Fontenot Jr., for Larry A. Cushman.
Before DOUCET, PETERS and BERTRAND[*], JJ.
BERTRAND, Judge.
Defendant, 21 year old Larry Cushman, was charged by grand jury indictment with the crime of first degree murder of a juvenile under the age of 12 years, in violation of La.R.S. 14:30(A)(5). The victim was the defendant's 17 month old stepson, Richard Lehrer. Defendant was arraigned on July 12, 1993, and entered a plea of not guilty. On November 12, 1993, defendant appeared in court with counsel, withdrew his former plea, and entered a plea of guilty to the offense of manslaughter, a violation of La. R.S. 14:31(A)(2)(a). After being fully Boykinized, the court accepted the plea. Defendant was thereafter sentenced to 30 years at hard labor without benefit of probation or suspension of sentence. Subsequently, the trial court denied the defendant's motion to reconsider sentence. Defendant appeals, assigning two errors.

FACTS
On or about March 22, 1993, defendant was taking a shower with his 17 month old stepson, the biological child of his legal wife, Gabriele Cushman. Defendant indicated that he became upset because the child would not stop crying. Consequently, defendant hit the child in the back of the head with his fist. The child fell down in the tub, and when he stood up, defendant hit him in the stomach with his open hand. As a result, the child vomited in the bathtub. The defendant cleaned the child up and carried him to his bedroom. When the defendant returned to the child's bedroom about thirty minutes later, he noticed the child was not moving. The defendant attempted to revive the child but was unsuccessful. An ambulance was called, and the child was taken to the hospital. The child was pronounced dead on arrival. The cause of death was determined to be Shaken Baby Syndrome, the result of subtle intracranial injuries occurring in young children after head trauma. The autopsy *641 report revealed a history of recent physical abuse, including multiple blows to the head.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendant contends the trial court erred in denying his motion to reconsider sentence.
Defendant asserts that a sentence of 30 years is excessive and constitutes cruel and unusual punishment, considering his "lack of prior criminal record, his youthfulness at the time that the offense was committed and the circumstances surrounding the events which led up to the ultimate death of the victim herein." Defendant further contends the trial court erred in failing to state sufficient reasons in the record for deviating from the Felony Sentencing Guidelines.
In a recent opinion, State v. Smith, 639 So.2d 237 (La.1994), the Louisiana Supreme Court held that:
(1) while a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines. (Emphasis in original.)
639 So.2d at 240.
As stated above, the Guidelines are advisory in nature. All that a trial judge is required to do is consider the Guidelines and state for the record the considerations taken into account and the factual basis for the sentence imposed. La.C.Cr.P. art. 894.1.
The defendant was originally charged with first degree murder, a violation of La.R.S. 14:30. The defendant thereafter withdrew his plea of not guilty and entered a plea of guilty to manslaughter, a violation of La.R.S. 14:31(A)(2)(a). Defendant was fully apprised of the rights he would be waiving by entering a plea of guilty. Defendant was also informed that by tendering a plea of guilty he would be exposed to a penalty of imprisonment at hard labor for not less than two years nor more than 40 years without benefit of probation or suspension of sentence. The trial court accepted defendant's guilty plea and deferred imposition of sentence until a presentence investigation report was prepared.
On January 28, 1994, defendant appeared in court for sentencing. The trial judge reviewed defendant's presentence investigation report and stated the following:
I will note that reference to sentencing guidelines indicates that this offense has a grid cell rating of 1G. The recommended sanction is incarceration. The sanction range set forth in the guidelines is sixty to ninety months. There are no sanction units prescribed inasmuch as incarceration is the recommended penalty. I'm going to consider a number of factors in addition to guidelines in imposing sentence here today. The harm that occurred here is obvious and certainly requires no elaboration on the part of the court. This defendant is described as a quiet person who is, however, described by some as being possessed of a violent temper and there is a good deal of opinion of the effect that he exhibits no real remorse for his conduct in this case. He tended to downplay the matter which he described as, and, this is a quote, "a bad accident". There are several incidents that have been called to the court's attention that serve somewhat to demonstrate his temper. Comments were made by relatives of the victim that the defendant engaged in actions towards the child which were a great deal less than gentle or tender considering this child's age. The blows to the child must be considered coming from an adult to a child seventeen months of age. It appears that the defendant allegedly discovered that the child *642 was not breathing only after he had, in anger, thrown a writing pen down a hallway which went into the child's room and he had to enter the room and turn on the light in order to recover the writing pen. Now, I note that Mr. Cushman has no prior record of criminal activity of any sort of which this court is aware.
* * * * * *
There is nothing to indicate at all that either alcohol or illegal controlled dangerous substances played any part in the events which occurred on March 22, 1993, the date on which the child was struck. When I consider the age and the condition of the defendant, the tender age and the particular vulnerability of the victim, the unprovoked violence to which the victim was subjected, the status of the defendant as a parent and the fact that he knew or should have known that the infant victim was totally defenseless against him, sentencing guidelines simply do not address this situation, and for that reason the recommended periods of incarceration are expressly rejected by the court. Taking into account these factors, it's the sentence of the court that the defendant serve thirty years at hard labor with the Louisiana Department of Corrections to be served without the benefit of probation or suspension of sentence.
Article 1, Section 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La. 1981); State v. Everett, 530 So.2d 615 (La. App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210, 1217 (La.1982).
Defendant, originally charged with a capital crime, benefitted from a plea bargain. His sentence of 30 years is well within the statutory range of La.R.S. 14:31(B), which provides for a maximum penalty of 40 years at hard labor. Although the statute mandates that the sentence be without probation or suspension of sentence, it does not remove the defendant's eligibility for parole.
In mitigation, the trial court noted the defendant's age and lack of criminal history. These factors, however, offer no excuse for the defendant's unprovoked, multiple acts of violence against the most innocent and vulnerable of victims. The sentence imposed is not excessive.

ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant asks this court to review the record for any and all errors patent. There are no errors patent on the face of the record.
For the above reasons, the sentence of defendant is affirmed.
AFFIRMED.
NOTES
[*] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.