NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 18-26

STATE OF LOUISIANA

VERSUS

RYAN CHRISTOPHER COLE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR-116-17-1
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and John E. Conery, Judges.

CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.

**Paula Corley Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, Louisiana  70598**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Ryan Christopher Cole**

**Michael Cade Cassidy**
**District Attorney**
**Bennett R. Lapoint**
**Assistant District Attorney**
**31st Judicial District Court**
**Post Office Box 1388**
**Jennings, Louisiana  70546**
**(337) 824-1893**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**CONERY, Judge.**

Defendant, Ryan Christopher Cole, was charged by indictment filed on February 15, 2017, with second degree murder, a violation of La.R.S. 14:30.1. On September 26, 2017, Defendant pled guilty to the lesser included offense of manslaughter, a violation of La.R.S. 14:31. As part of the plea, the State agreed to the following:

> If the defendant receives a sentence of at least 20 years at hard labor, the state has agreed that we will dismiss the charges that are related to this matter, which are the burglary of an inhabited dwelling in CR-13-17, illegal possession of stolen things in CR-17-17, and the second degree battery in CR-238-17.

A sentencing hearing was held on October 30, 2017, and the court ordered Defendant to serve twenty-six years at hard labor. As agreed, the State dismissed the pending charges in docket numbers CR-13-17, CR-17-17, and CR-238-17. A motion to reconsider sentence was filed on November 3, 2017, which was subsequently denied. A motion for appeal and designation of record was also filed on November 3, 2017 and was granted.

Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contains no non-frivolous issues for appeal and requests this court grant her accompanying motion to withdraw. Defendant was advised, via certified mail, that counsel filed an *Anders* brief. Defendant was given until March 19, 2018, to file a pro se brief. For the following reasons we affirm Defendant's conviction and sentence, and grant appellate counsel's motion to withdraw.

**FACTS:**

Defendant murdered Dedrick Gant on October 30, 2016, but Mr. Gant's body was not discovered until November 23, 2016. The cause of death was

gunshot wounds to the head. The murder weapon was found at Defendant's home. Additionally, several witnesses saw Defendant and his co-defendant with Gant on the night Gant was murdered; the co-defendant implicated Defendant as the person who shot Gant; and Defendant admitted his involvement to at least one cellmate.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

***ANDERS* ANALYSIS:**

Pursuant to *Anders*, 386 U.S. 738, Defendant's appellate counsel filed a brief stating she made a conscientious and thorough review of the trial court record and could find no errors that would support reversal of Defendant's conviction or sentence on appeal. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until [the appellate] court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. [The appellate] court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) [the appellate c]ourt will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in [the appellate c]ourt is not sufficient to perform this review.

Counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.' *McCoy* [*v. Court of Appeals of Wisconsin*], 486 U.S. [429], 442, 108 S.Ct. [1895], 1903 [(1988)]." *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241. Hence, counsel's *Anders* brief must provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In her *Anders* brief, Defendant's counsel addresses the procedural history and the facts of the case. She notes that Defendant was present in court and represented by counsel at all crucial stages of the proceedings. Defendant signed a plea form that was made a part of the record, agreed to the factual basis presented by the State at the time he entered his plea, was properly *Boykinized*, and entered a knowing and intelligent plea. Counsel acknowledges that a valid guilty plea waives all non-jurisdictional defects, citing *State v. Myles*, 04-264 (La.App. 3 Cir. 9/29/04), 882 So.2d 1254, and *State v. Smith*, 04-338 (La.App. 3 Cir. 9/29/04), 883 So.2d 505.

Counsel affirms that sentencing delays were observed, and the sentence imposed is not excessive for a seventeen year old first offender. She notes that Defendant was originally charged with second degree murder, which carries a sentence of life imprisonment. He was also charged with three other felonies, burglary of an inhabited dwelling, illegal possession of stolen things, and second degree battery, that were dismissed as part of the plea agreement. She further declares that mid-to-high range sentences have been upheld in other manslaughter cases, citing *State v. Cushman*, 94-336 (La.App. 3 Cir. 11/2/94), 649 So.2d 639, *writ denied*, 95-2045 (La. 3/7/97), 689 So.2d 1370 (affirmed a twenty-one year old

first offender's thirty-year manslaughter sentence for the death of his seventeen month old son); *State v. Jefferson*, 02-1159 (La.App. 4 Cir. 12/4/02), 834 So.2d 572 (affirmed a twenty-five year sentence for manslaughter under La.Code Crim.P. art. 893.3 when the defendant shot the victim during an argument); *State v. Pegues*, 10-1626 (La. 2/18/11), 56 So.3d 223 (affirmed a first offender's forty-year sentence for killing a sheriff's deputy); *State v. Sepulvado*, 10-435 (La.App. 3 Cir. 3/9/11), 59 So.3d 463, *writ denied*, 11-1151 (La. 11/14/11), 75 So.3d 941 (affirmed a thirty-year sentence for a twenty-six year old defendant with a prior conviction for attempted distribution of a schedule II drug); and *State v. Lewis*, 09-1404 (La. 10/22/10), 48 So.3d 1073 (reinstated a thirty-year sentence for a sixteen year old defendant who shot a friend in the head).

Counsel proclaims she cannot argue that the trial court abused its discretion when imposing the sentence at issue or that a twenty-six year sentence is constitutionally excessive considering the facts of the crime and the benefit received by Defendant when the State reduced the charge to manslaughter and dismissed other pending charges. Further, the trial judge's reasons for sentencing reflect consideration of Defendant's age, his first-offender status, and the facts of the crime.

Appellate counsel reviewed Defendant's plea form and notes it stated a presentence investigation report (PSI) would be ordered, the court clarified on the record the PSI would be limited to a criminal history report, and there was no objection to that limitation. However, at sentencing, defense counsel objected to the lack of information in the PSI and errors contained therein. Appellate counsel confirms that ordering a PSI is discretionary under La.Code Crim.P. art. 875(A)(1), which states: "If a defendant is convicted of a felony offense . . . the court may

4

order the Department of Public Safety and Corrections . . . to make a presentence investigation." *See also State v. Bell*, 09-201 (La.App. 4 Cir. 7/22/09), 16 So.3d 1191. The record supports the sentence imposed, and Defendant's motion to reconsider sentence did not include the lack of a full PSI as error. Thus, appellate counsel found no appealable issue as to Defendant's sentence.

Appellate counsel asserts Defendant was properly advised of the time limitation for filing post-conviction relief at the time of his guilty plea, and written notice was provided. Counsel shows that at sentencing the trial judge advised Defendant that he had two years from the date his conviction and sentence became final to seek post-conviction relief. Counsel asserts that even if the trial court had failed to inform Defendant of the proper period at sentencing, an appealable issue would not have been created. In support of this assertion, counsel cites *State v. Cooley*, 15-40 (La.App. 3 Cir. 6/3/15), 165 So.3d 1237, 1239 n.1, wherein this court found the trial court gave Defendant insufficient advice as the time limitation for seeking post-conviction relief when it said Defendant had thirty days to appeal and two years to file an application for post-conviction relief. This court noted Defendant signed a waiver of constitutional rights that properly advised him of the prescriptive period set out in La.Code Crim.P. art. 930.8. Thus, this court did not recognize the insufficient advisement at sentencing as an error patent. Appellate counsel further notes that in *State v. Thompson*, 39,454, 39,455 (La.App. 2 Cir. 3/2/05), 894 So.2d 1268, the second circuit held that failure to advise Defendant of the time for filing post-conviction relief does not bestow an enforceable right upon Defendant, and failure to advise is not grounds to vacate a sentence and remand the matter for resentencing.

We confirmed appellate counsel's claim that there was no objection when the trial court limited the PSI to Defendant's criminal history and trial counsel's subsequent objection to the PSI at sentencing. Trial counsel's failure to object to the limiting of the PSI at the time it was ordered waived any claim Defendant may have had. La.Code Crim.P. art. 841. Furthermore, trial counsel was allowed to present any relevant information to the trial court at sentencing.

We have reviewed the record to determine whether Defendant was properly informed of the prescriptive period for filing post-conviction relief. During the plea colloquy, Defendant was asked about a form he signed titled "Prescriptive Period for Seeking Post-Conviction Relief." The form set forth the portion of La.Code Crim.P. art. 930.8 stating that a defendant has "two years after the judgment of conviction and sentence has become final" to seek post-conviction relief. Defendant affirmed that his attorney reviewed the form with him. At the sentencing hearing, the court then advised Defendant that he had two years from the date his conviction and sentence became final to seek post-conviction relief. Based on this court's ruling in *Cooley*, 165 So.3d 1237, any alleged error regarding the failure of the trial court to properly inform Defendant of the provisions of La.Code Crim.P. art. 930.8 when pronouncing the formal sentence would be frivolous.

Pursuant to *Anders*, 386 U.S. 738, and *Benjamin*, 573 So.2d 528, we have performed a thorough review of the record, including the transcripts, pleadings, minute entries, and the charging instrument. Defendant was properly charged in an indictment. He was present and represented by counsel at all crucial stages of the proceedings. Defendant pled guilty to the reduced charge of manslaughter in this case, and his plea was freely and voluntarily entered after he was advised of his

6

rights pursuant to *Boykin v. Alabama*, 395 U.S. 238 (1969). The entry of that plea waived all pre-plea non-jurisdictional defects. *See State v. Washington*, 10-413, p. 4 (La.App. 3 Cir. 11/3/10), 50 So.3d 274. Furthermore, the sentence imposed for manslaughter was legal and an argument for excessive sentence on this conviction would be frivolous.

We have found no issues which would support an assignment of error on appeal. Accordingly, Defendant's conviction and sentence are affirmed and appellate counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED.**
**MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.